Parker, C. J.
It has unfortunately happened, that, by a mistake of the justices who administered the oath to the defendant, Hasey, he and his sureties are subjected to the penalty of this obligation. For, being in prison in execution, and having withdrawn himself therefrom, he must be considered as having committed an escape, contrary to the condition of his bond.
It is agreed that the justices administered the oath according to the form prescribed in the first statute on the subject [Stat. 1787, c. 29]. The statute of 1805, c. 100, provides, that another oath be substituted in the place of that prescribed by the former statute. The object of the legislature was, to make the oath conform to the new statute, which provided an exemption from attachment and execution of certain articles of household furniture, &c., not exceeding a certain limited value. In every other respect, the new form of oaths is precisely like the former one.
But we must consider the old form as repealed, and that, after the passing of the last statute, no form but the one therein prescribed could be legally admissible. Nor could the debtor be subject to any punishment for swearing falsely according to the old form ; for the justices were not authorized to administer an oath in that form.
* The certificate of the justices, although it might pro- [ * 321 ] tect the goaler from an action for the escape, yet cannot save the debtor from his bond. For the certificate is only evidence of his having taken the oath ; and, it appearing that the oath which was administered was not a lawful one, the certificate cannot operate to discharge the bond.
But we think that judgment ought not to be rendered for the *282 whole penalty. As the escape was not wilful or designed, but was caused altogether by a mistake of the magistrates, it may well be considered as an escape, “ through accident,” within the words of the statute of 1810, c. 116. For it was altogether accidental that this enlargement, which was intended to be lawful, has become an escape ; and the gaoler and prisoner were both induced by the proceedings of the magistrates, who they presumed knew the law, to discontinue the imprisonment.
The judgment of the Court, therefore, is, that the penalty of the bond is forfeited ; and that the plaintiff recover the amount of the debt, and costs, for which Hasey stood committed, with the interest thereon.†

 The statute of 1810, ch. 316, provides only for the case where "the debtor escaped not wilfully, but through accident, or through misapprehension of the limits of the daytime, or of the limits of the gaol-yardThe above case, therefore, does not seem to have come within the provisions of the act. The escape, certainly, was not accidental, nor through misapprehension of the limits. The departure from the prison limits was intentional, and, therefore, wilful; and as to a mistake of the law, the statute does not provide for it, and the maxim,ignorantia legis neminem ezcusatf applies. Every one is presumed to know the law, and is estopped from alleging ignorance of it.