Shaw C. J.
delivered the opinion of the Court. It has been decided, that the certificate of two magistrates to the gaoler, that a prisoner committed on execution has taken the poor debtors’ oath, does not prevent the departure of the prisoner out of the limits, from being deemed an escape, nor save the prisoner and his sureties from a forfeiture of their bond, in case the proceedings before the magistrates were not regular and conformable to the statutes. Little v. Hasey, 12 Mass. R. 319.
The sole question therefore in the present case, is, whether those proceedings were conformable to the statute. The facts are, that there were three creditors, all living within the commonwealth, and the notice was served on one only. The objection is, that it should have been served on all.
The question depends principally if not wholly upon the construction of the statute. The authorities cited for the pla'ntiff prove very satisfactorily the general principle of law and of expediency, that no man’s rights are to be affected by *498 proceedings of which he has no notice, but they leave the question still open, what shall be deemed legal notice. So, on the other side, the cases clearly show, that as a general rule, when a partnership has been proved, a demand upon one is a demand upon all, notice to one is notice to all, and an admission or acknowledgment or promise by one binds all, as to all matters within the scope of their partnership agreement. But this can go little way towards a decision of the particular question. The statute is general, applying to all cases of several plaintiffs, without distinguishing those cases where the plaintiffs are partners, from other cases of joint plaintiffs.
Here the prisoner claims the benefit of a discharge from Imprisonment, and of course a qualified discharge from his debt, by force of the statute ; the statute gives such discharge conditionally, (but it is a condition precedent,) upon complying with its requisites, in regard to notice and otherwise ; and if these conditions are not complied with, the statute does not take effect. St. 1787, c. 29, § 1.
It provides, in substance, that the keeper of the prison, on complaint of the poor debtor, shall apply to a justice of the peace, who shall make out a notice in writing, signifying to the “ creditor or creditors,” &c. Upon this clause it might be very well argued, that the notice is only required to be addressed to all, but when served on one, like other notices to partners, shall be deemed notice to all. But the statute proceeds thus ; “ which being served on the creditor or creditors of the said prisoner, if he, she, or they live within this commonwealth.” This seems to be a plain direction, that notice is to be served upon all the creditors within the commonwealth. And ulthough it might be argued with some plausibility, that by implication or legal fiction, notice given to one of several parties is notice to all, it would 'be a forced construction of a statute provision, to hold that a notice served upon one is served upon all.
It is said that this construction will be attended with great inconvenience, especially where the creditors are numerous, and could not have been intended by the legislature. The argument from inconvenience may have considerable weight upon a question of construction, where the language is doubt *499 ul; it is not to be presumed, upon doubtful language, that the legislature intended to establish a rule of action which would be attended with inconvenience. But where the language is clear, and where of course the intent is manifest, the Court is not at liberty to be governed by considerations of inconvenience. As a legislative exposition of this statute, it may serve to confirm the construction we have given, to refer to another act passed a few years later, making provision for the discharge of poor persons imprisoned for taxes. St. 1790, c. 42, § 1. The provision is nearly in the same terms with the general act, requiring in like manner a notification in writing signifying to the assessors, and to the collector of taxes, &c. which notification shall be served on such assessors, by leaving a copy thereof at the office of such assessors, or at the usual place of abode of one of them. This indicates, that when, for very obvious reasons, the legislature intended to make a service on one of several joint agents, acting for the town, a plain direction to that effect is given by the statute.
The counsel for the defendant, in the argument, refers to another clause in the statute, providing that when the creditor or creditors live out of the commonwealth, and have no agent or attorney, notice shall be given fifty days before taking the oath, and asks, if all are to be served, whether if part of the creditors live out of the commonwealth and part within, the debtor is to wait fifty days. Remarking that that provision is now repealed, and the time is reduced to thirty days in the case supposed, (St. 1819, c. 130,) it may be answered, that the ease of part being out of and part within the commonwealth is not in terms provided for in the statute, and therefore when the case occurs, it must be construed and applied in the manner most nearly conformable to the general intent of the statute, and best adapted to promote and advance the remedial provisions and beneficial objects contemplated by the legislature. But the necessity of resorting to construction, in some cases under the statute, which may be supposed, can have no effect, in deciding upon a case which is provided for by the statute, and where the terms are plain and explicit.[1]

Defendant defaulted.

 See Rev. Stat. c. 98; St. 1842, c. 56; Slasson v. Brown, 20 Pick. 436