## Edward B. Slasson *versus* William Brown *et al.*

The certificate of two justices of the peace and of the quorum, in the form prescrib-
ed by the Revised Statutes, upon administering the poor debtor's oath, stating that
the debtor had caused the creditor to be notified according to law, is not conclu
sive of the regularity of the previous proceedings.

Thus where the citation served upon the creditor was directed to *Ebenezer* B. S his
true name being *Edward* B. S. it was *held*, that he was not precluded by the cer-
tificate from showing the misnomer ; and it was also *held*, that the misnomer viti-
ated the notice, so that the subsequent acts of the magistrates were not effectual as
a legal discharge of the debtor from the prison limits.

*It seems*, that a citation notifying to the creditor that the oath allowed by " an act
for the relief of poor prisoners who are committed by execution for debt " will be
administered to the debtor, is insufficient, the act thus entitled, (*St.* 1787, *c.* 29,) hav-
ing been repealed and the form of the oath essentially varied by subsequent statutes.

DEBT on a bond, dated February 4, 1837, given by Brown
and the other defendants to the plaintiff, a citizen of the State
of New York, conditioned that Brown, who had been commit-
ted on that day to the prison in Lenox, on an execution against
him in favor of the plaintiff, would not go without the exterior
limits of the prison until he should be lawfully discharged.
The cause was tried before *Dewey* J.

It was admitted, that on March 9, 1837, Brown took the
poor debtor's oath, as prescribed by the Revised Statutes, and
went without the limits of the prison.

The plaintiff introduced the citation which was issued by the
justice of the peace, upon Brown's application to be admitted
to take the oath, and the copy of it which was left with Mr.
Sumner, the plaintiff's attorney.

The plaintiff stated, among the points in his case, that the
citation was illegal and void, because directed to *Ebenezer* B
Slasson and not to *Edward* B. Slasson ; and that it did not
give notice that Brown was desirous of taking the benefit of the
law for the relief of poor debtors, but only that the oath or
affirmation allowed by " an act for the relief of poor prisoners
who are committed by execution for debt," would be admin-
istered to Brown, being an act repealed by the Revised
Statutes.

The defendants introduced the certificate of the justices of
the peace, who admitted Brown to the poor debtor's oath.

certifying that Brown had caused notice to be given to *Edward B. Slasson* ; and they contended that the certificate was conclusive as to the regularity of all prior proceedings.

The defendants proved by Mr. Sumner, the plaintiff's attorney, that he was not attorney for Slasson, either Ebenezer B. or Edward B., in any other case, and that he was not attorney in any other suit in which Brown was the defendant, at the term of the court at which the plaintiff recovered his judgment against Brown, nor afterwards, and that he directed the officer to commit Brown on the execution. The attorney further testified, that he did not attend the examination of Brown.

A default or a nonsuit was to be entered, according to the opinion of the Court upon the facts in the case.

*Porter* and *Sumner*, for the plaintiff, cited to the points that the certificate of the magistrates was not conclusive evidence of the regularity of the citation, *Little* v. *Hasey*, 12 Mass. R. 219 ; *Putnam* v. *Longley*, 11 Pick. 487 ; *Haskell* v. *Haven*, 3 Pick. 404 ; *Bell* v. *Austin*, 13 Pick. 90 ; and that the misnomer in the citation rendered it invalid, *Commonwealth* v. *Hall*, 3 Pick. 262 ; *Commonwealth* v. *Perkins*, 1 Pick. 388.

*Bishop*, *Byington* and *G. J. Tucker*, for the defendants, said that notwithstanding the misnomer, and the misdescription of the statute for the benefit of poor prisoners, the object of the citation could not have been misunderstood by the plaintiff or his attorney, and that it was substantial and due notice of Brown's intention to take advantage, not of the repealed statute of 1787, *c.* 29, but of the provisions in the statutes in force at the time of the notice, for the relief of poor prisoners committed on execution for debt. Revised Stat. *c.* 98 ; *Batten* v. *Harrison*, 3 Bos. & Pul. 1 ; *Doe* v. *Kightley*, 7 T. R. 63 ; *Mills* v. *Bank of United States*, 11 Wheat. 431 ; *Shrewsbury* v. *Boylston*, 1 Pick. 105 ; *Blood* v. *Austin*, 3 Pick. 259 ; *Purcell* v. *M'Namara*, 9 East, 157 ; 3 Stark. Ev. (Metcalf's ed.) 1592, 1594, and notes ; *Colburn* v. *Downes*, 10 Mass. R. 20 ; Revised Stat. *c.* 100, § 20, 21.

*Dewey* J. delivered the opinion of the Court. This is an action of debt on a prison bond, the condition of which was. that William Brown would not go without the exterior limits of the prison until he should be lawfully discharged. It is admit-

*Slasson v. Brown.*

*Sept. 19th.*

*Sept. 20th.*

ted that he did go without the prison limits, but, as is claimed by the defendants, with legal right so to do, he having been discharged from his imprisonment in due course of law. To sustain this defence, the defendants rely upon the certificate of two magistrates, being justices of the peace and of the quorum, who certify in the form prescribed by the Revised Statutes, that they have administered the poor debtor's oath to Brown ; which certificate was delivered to the gaoler before Brown left the prison limits.

Several exceptions are taken to the validity of this certificate, all of which arise from certain alleged informalities in the proceedings preliminary to the administration of the oath by the justices.    The first question to be settled relates to the effect to be given to the certificate of the magistrates.    Is it conclusive as to the regularity of all the previous proceedings repuired to be taken by the debtor in reference to it, or may the creditor in a suit on the prison bond go behind the certificate and show an informality in the notice or other proceeding prior to the taking of the oath ?

This point was before the Court in the case of *Putnam* v. *Longley*, 11 Pick. 489.    In that case the proper oath was administered and a certificate in due form was given to the gaoler, after which the debtor went at large beyond the prison limits. But the creditors were permitted to recover upon the prison bond, upon their showing that the notification to the creditors, who were three co-partners, all residing within the Commonwealth, had been served upon only one of them ; thus, as it would seem, recognising the doctrine, that a creditor may go behind the certificate of the magistrates and show irregularity in the preliminary proceedings.

In the earlier case of *Little* v. *Hasey*, 12 Mass. R. 319, it had been held, that a certificate of the magistrates was no defence to a suit on the prison bond, where it appeared that they had administered the oath required by the act of 1787, *c.* 29, the debtor being imprisoned after the enactment of *St.* 1805, *c.* 100, which had varied the form of the oath.    This case, as it seems to me, depended upon somewhat different principles from that of *Putnam* v. *Longley*, although cited as a precedent for it, and the rule authorizing the creditor to go behind the

certificate of the magistrates made in conformity with the exist-
ing laws, is rather to be considered as established by the latter,
than by the former of these cases.

Slasson
v.
Brown.

The only case that has been supposed to militate against the
doctrine of *Putnam v. Longley*, in any degree, is that of *Has-
kell v. Haven*, 3 Pick. 404, where it is assumed by the judge
who delivered the opinion of the Court, that the certificate of
the magistrates is conclusive as to the service of the citation
upon the creditor ; but the question raised in that case was not
as to the service of the citation, but as to the legality of the
citation itself, and upon this point the party was allowed to go
behind the certificate, although in the results he failed to sus-
tain his action, the citation being in the opinion of the Court
conformable to law.

The ground of defence in a case like the present, is, that the
magistrates had no jurisdiction of the case. This want of juris-
diction arises from the failure on the part of the debtor to com-
ply with the requisitions of the statute.

Taking the law to be as held in the case of *Putnam v.
Longley*, the question then arises, whether there are any fatal
defects in the preliminary proceedings in the case now under
consideration.

The one principally relied upon is the insufficiency of the
citation issued to the creditor, of the time and place appointed
for administering the oath. The Revised Statutes, *c.* 98, § 1
and 2, provide that upon the application of an imprisoned
debtor, to any justice of the peace, he shall appoint a time and
place for the examination of the debtor, and shall give notice
thereof to the creditor, by a citation under his hand. The no-
tice issued by the justice in the present case, was directed to
*Ebenezer* B. Slasson as the supposed creditor, but the name of
the creditor was *Edward* B. Slasson. The plaintiff denies
the authority of the justices to administer the oath to the
debtor, because there had been no citation directed to the prop-
er person  The names of the creditor in the execution and
of the person described as such in the citation, are obviously
very dissimilar, and if any error in the christian name of the
party would avoid the proceedings, that occurring in the pres-
ent case must have that operation. It is an entire variance in

the christian name, and to hold that it was not a fatal defect would be to dispense with all rules requiring a correct description of the party who was to be cited. The notice, it is to be remarked, was not served on the creditor himself, but on his attorney, which much strengthens the objection. The service was upon Mr. Sumner as an attorney of *Ebenezer* B. Slasson, but the person upon whom the service was made was not the attorney of any one bearing that name, and was not therefore bound to take notice of any proceeding connected with the citation. There was therefore no such notice as the statute requires previous to the exercise of jurisdiction in the case by the two magistrates, and they had no lawful authority to proceed to discharge the debtor upon his examination and taking the oath administered to him.

It is essential to the rights of parties, that they should have proper notice of all proceedings affecting their interests. This principle lies at the foundation of all our proceedings in courts of justice, and has always been strictly applied when questions have arisen as to the validity of acts of inferior tribunals. *Chase* v. *Hathaway*, 14 Mass. R. 222 ; *Scott* v. *Dickinson*, 14 Pick. 276.

The failure to give notice to the creditor, of the time appointed for taking the examination and administering the oath to the debtor, is a fatal defect, and renders the subsequent acts of the magistrates in the present case wholly ineffectual as a legal discharge of the debtor from the prison limits.

Another objection, founded upon the recital in the notice that the debtor was desirous of taking the oath allowed by " an act for the relief of poor persons who are committed by execution for debt," referring to the act of 1787, *c.* 29, instead of the Revised Statutes, *c.* 98, which latter were alone in force at the time of issuing this citation, we are strongly inclined to think would also be considered as well sustained ; but the opinion already expressed upon the first objection to the citation, renders it unnecessary particularly to examine this, or the various other objections urged by the plaintiff to the validity of the discharge of the debtor from his imprisonment.

*Judgment for the plaintiff.*