ROSWELL B. WARD & another *vs.* LUTHER CLAPP & others.

Where two justices of the quorum administer to a poor debtor, committed on execution, the oath prescribed by the Rev. Sts. *c.* 98, § 9, but state in their certificate to the jailer, that they administered the oath prescribed by *St.* 1816, *c.* 55, they may amend such certificate by conforming it to the truth, even after action brought upon such debtor's bond for the liberty of the jail limits; and such amended certificate will avail the defendants in such action.

DEBT on a bond for the liberty of the jail limits.

The parties submitted the case to the court upon a statement of facts, as follows : Luther Clapp, one of the defendants, was committed to jail, on the 26th of December 1839, upon an execution against him in favor of the plaintiffs ; and on the same day he and the other defendants executed the bond upon which this action is brought. The condition of the bond was such as is prescribed by the Rev. Sts. *c.* 97, § 63 ; and said Clapp did not, at the expiration of ninety days from the day of his commitment on said execution, surrender himself to the jailer to be held in close confinement.

On the 27th of February 1840, two justices of the peace and of the quorum made a certificate to the jailer, under their hands and seals, in the form prescribed by *St.* 1816, *c.* 55, viz. that said Clapp had caused notice to be given to the plaintiffs, according to law, and that said justices, after due caution to him, had administered to him the oath prescribed in said statute to be taken by poor prisoners committed by execution for debt.

After the commencement of this action, to wit, on the 18th of November 1840, the same justices made a certificate to the jailer, under the same date of February 27th 1840, in the form prescribed by the Rev. Sts. *c.* 98, § 10, viz. that said Clapp

had caused notice to be given to the plaintiffs, according to law, and that said justices, after due examination of said Clapp, administered to him the oath prescribed by law to be taken by poor prisoners who are committed on execution for debt.

The defendants offer said second certificate, made in amendment of the first, as a bar to this action. To this the plaintiffs object ; but if it can be received, they admit that it conforms to the facts.

The argument was had at the last September term.

*Huntington*, for the plaintiffs.

*R. A. Chapman*, for the defendants.

DEWEY, J. This is an action of debt on a bond, given by a debtor committed on execution, and conditioned, among other things, that he should continue a true prisoner within the limits of the prison, and at the expiration of ninety days from the date of his commitment, surrender himself at the jail house, for the purpose of being committed to close confinement, unless he should, before that period, be discharged by the payment of the execution, or by order of law. The breach alleged is, that the debtor did not surrender himself at the expiration of ninety days, agreeably to the condition of his bond.

It is conceded that there was no payment of the execution ; and the case presents the question, whether, by force and effect of the proceedings before the two magistrates, upon the application of the debtor to take the poor debtors' oath, he was legally discharged from all liability to surrender himself for further imprisonment. It is also conceded, that a proper application was made, through the jailer, to a justice of the peace, for the benefit of the poor debtors' oath ; that due notice was given to the creditors to appear before the magistrates ; and that the administration of the oath by them was in proper form. The only defect complained of, either in form or substance, is that the certificate of the justices, made after the administration of the oath, does not conform to the provisions of the Rev. Sts. c. 98, § 10. Upon examination of the certificate, it is found obviously defective and inaccurate ; and particularly so, in reciting that the justices had administered the oath prescribed by *St.* 1816,

*c.* 55, which had been repealed by the revised statutes. This certificate, if a true recital of the proceedings of the justices who administered the oath, would not have authorized the discharge of the debtor, and his neglect to surrender himself within the ninety days would have constituted a breach of his bond.

The only question is, therefore, whether the court can give any force and effect to the amended certificate, filed on the 18th of November 1840, and which is in proper form, and fully complies with the revised statutes, and, as is conceded, accords with the facts, as they actually took place.

That a certificate, filed by the justices at the time of administering the oath, is not conclusive upon the parties as to the matters therein recited, has been repeatedly held in cases where the creditor has sought to charge the sureties on the prison bond, upon the ground of the alleged irregularity of the preliminary proceedings. *Little* v. *Hasey*, 12 Mass. 319. *Putnam* v. *Longley*, 11 Pick. 489. *Slasson* v. *Brown*, 20 Pick. 436.

To the sureties, therefore, the certificate of the justices is no adequate protection, and as against them the creditor is allowed to show any irregularity in the justices' proceedings, although such alleged irregularity is contradictory to their certificate. It would seem reasonable that the rule should be held to operate equally upon all parties, and that the sureties, in a suit upon the bond, should be allowed to show that all the proceedings before the justices were in fact regular, and that the debtor was lawfully entitled to the proper certificate of having taken the oath in due form.

The position of the plaintiffs' counsel is, however, that the making and filing of a proper certificate is a condition precedent to the discharge, and that until such a certificate is made and filed, the debtor cannot be said to be lawfully discharged. Such a principle would obviously operate with great hardship upon the debtor and his sureties, and might charge them in cases where the creditor had every opportunity furnished him to oppose the discharge, and where all the requisitions of law had been fully complied with, except the formal certificate of the magistrates. As has been already stated, the citation in the case be

fore us was properly issued, and properly served on the credltors ; the proper oath was administered in due time and place and the only defect complained of is the omission of the magistrates to make a proper certificate.

Great latitude has been allowed to public officers in the matter of amendment of certificates and official returns indorsed on their precepts, where it has been made apparent to the court that substantial justice required it, and that the error complained of was a mere clerical one. Thus, under the statute requiring that where the oath of office is administered to certain town officers by the town clerk, a record should be made of the administration of such oath in the town records ; upon the failure of the clerk to make such record at the proper time, he has been allowed to amend his records by making such entry therein at any subsequent period during his continuance in the same office ; and in cases where it appeared that the town clerk was out of office, and could not make such amendment, parol evidence has been deemed admissible to supply the defect, and to prove the proper oath to have been duly administered. *Pease v. Smith,* 24 Pick. 122. So, also, in the case of returns of attachments by deputy sheriffs, where an invalid and insufficient return was made at the return term of the writ, they have been allowed to amend their return subsequently; and even after an action had been instituted, and where the right of the party wholly depended upon such amended return, they have been allowed to be made. In the case of *Haven* v. *Snow,* 14 Pick. 28, and again in the case of *Johnson* v. *Day,* 17 Pick. 106, amendments of this character were allowed, materially affecting the rights of the parties. These cases establish precedents of amendments sanctioned by this court where the effect of them was to defeat the apparent right of a party, and where the amendments were made pending the action in which the parties were litigating as to their rights in the matter.

It seems to us that in a case like the present, where all the preliminary proceedings, and the administration of the oath, are admitted to have been conformable to the provisions of law, and the only error was in the form of the justices' certificate, it was

competent for the justices to file a new certificate according to the truth of the case, and that, when filed, it may properly be offered in evidence to show the legal discharge of the debtor and his sureties from liability upon his prison bond, for his not surrendering himself at the expiration of ninety days from his commitment, for the purpose of being committed to close confinement.

*Plaintiffs nonsuit.*