## JOHN ROLLINS *vs.* THOMAS AMES.

It is a good cause of challenge to favor, if a juror has before the trial heard the principal witnesses of one party, and, as a magistrate, at his request taken their depositions.

But for this cause after verdict the court will not order a new trial, unless the other party and his counsel make affidavit, that they were ignorant of this cause of challenge at the time of the trial.

THIS was an action of trover.

In the course of the trial here, February, 1819, on the general issue, certain depositions were introduced on the part of the plaintiff, which had been taken before a magistrate by the name of *Martin.*

A verdict being found for the plaintiff, a motion was made by the defendant for a new trial, on the ground that *Martin,* who took the depositions, was also foreman of the petit jury to whom the cause was submitted.

Rollins
*vs.*
Ames.

The principal counsel filed an affidavit of his ignorance of this fact, till after the jury were about to retire; but the counsel, originally employed by the defendant, and the party, either declined or omitted to do the same.

*Stevens*, for the plaintiff.

*Atkinson* and *Ichabod Bartlett*, for the defendant.

Woodbury, J.—The depositions in this case were competent; but the true question is, whether the magistrate, who took them, was a suitable person to sit as juror in the cause for which they were taken. The objection goes to the partiality of the juror; because it is founded on the presumption, that, having been selected as a magistrate by the plaintiff, having heard his most important witnesses, and having reflected previously on his evidence alone, he would not come to the examination of the cause without prepossession or prejudice in his favor.

It is well known, that magistrates are often selected for the purpose of taking depositions, who, if not unfriendly to the opposite party, are favorably disposed to him who employs them. This fact, connected with the circumstance, that no person can easily hear the testimony on only one side of a cause without forming some opinion as to the case, furnishes a good ground for the presumption of a probable partiality.

A person thus situated, might not, as a juror, be subject to a "principal challenge;" though a former arbitrator between the parties is subject to it. *3 Bac. Ab. title "Jury."* So is a former juror,(1) an attorney,(2) a member of the same corporation with the other party, his tenant, or his particular friend, visitor or dependant. *2 Caines* 129.—*14 Mass. R.* 206, (by statute.)—*2 Hawk. ch.* 43, *s.* 30.

(1) Co. Litt. 157.
(2) 3 Bac. Ab. "Juries," E.

A challenge "to favor," however, goes farther and applies to any man, where there is "sufficient reason to suspect he "may be more favorable to one side than to the other." *Co. Litt.* 157, *b.*—*3 Bac. "Juries."*

(3) Salk. 152.—Co. Litt. 155, b.*

This challenge in England is determined by triers;(3) but here the court uniformly decide on its validity; and we en-

---

* 19 John. Rep. 115.

tertain no doubt, that in the present instance it should prevail, if it had been taken seasonably.

It is highly important, that the conflicting rights of individuals should be adjusted by jurors as impartial as the lot of humanity will admit. That their minds should be free as the "unsunned snow" from any previous impressions, and should receive no hue but what the law and the evidence at the trial may impart. It is important, too, that parties should be satisfied of this fairness, else a reproach will light on the invaluable institution of jurors, and general confidence in the administration of public justice become weakened.

Thus in *Peacock's* case(1) it was deemed a good cause of (1) 9 Co. 71. *a.* challenge to favor, that the juror had acted as commissioner in the cause to take depositions; though that case itself was an indictment of the commissioner for what is often to be dreaded, a combination with the party taking the depositions to prevent a disclosure of the whole facts in the affidavits " by " the murdering of the truth and right." But notwithstanding the sufficiency of this cause of challenge, it cannot prevail in the present instance, because not taken seasonably.

It is doubtless the better opinion, among some conflicting views, that a cause of challenge, which goes to the partiality of a juror, may be taken advantage of after a verdict. 6 *Bac. Ab.* " *Trial*," L. 4.—11 *Mod.* 111—118, *Lady Herbert vs. Shaw.*—*Salk.* 645, *Dent vs. the Hundred of Hertford.*—*Com. R.* 601, *Wyn vs. Bangor.*—3 *Dall.* 515, *Fries case.*—17 *John.* 133, *Eggleston vs. Smiley.* Yet it is a reasonable and uniform qualification of this rule, that the cause of challenge must not have been known to the party or his counsel at the trial, because if then known, he ought to have availed himself of it; and a neglect to do it is his own folly or misfortune, unless he intended, as is the natural presumption from his silence, to waive altogether any objection.

In this case, one of the counsel, it appears, was unapprised of the cause of challenge till the trial had closed. But it does not appear, that the other counsel or the party himself was ignorant of it; and consequently the motion for a new trial must be refused.