## BELLOWS and HOPKINS *against* PEARSON.

That the justice before whom a suit was brought, was the son-in-law of the plaintiff, and persisted to hear and decide the cause, notwithstanding the defendant objected to his jurisdiction, on the ground of his relationship to the plaintiff, is, of itself, evidence that the trial was not fair and impartial, and sufficient ground for reversing the judgment, where the damages given are excessive.

IN ERROR, on *certiorari* to a Justice's Court. *Pearson* brought an action before the justice against *B.* and *H.* for breaking his looking-glass. The defendant *B.* pleaded in abatement, that he was an attorney of this Court, and that this Court was sitting, in *August* term, when the summons issued against him was returnable. This plea, on demurrer, was overruled by the justice, on the ground, that *B.,* being sued jointly with another, was not entitled to his privilege. Both defendants, when they appeared, objected that the justice was the son-in-law of the plaintiff, but the objection was overruled. The plaintiff proved that the defendants broke the glass, and that it cost, when new, ten dollars and fifty cents, and was worth, at the time, six or seven dollars. The justice gave judgment for the plaintiff, for twenty-five dollars.

*Per Curiam.* We have scrutinized the evidence, and see no ground for *exemplary* damages. The defendants have reason to complain that the damages are outrageously excessive. That the justice, who admitted that he was the son-in-law of the plaintiff, insisted on retaining jurisdiction, was, of itself, evidence, that the trial was not fair and impartial. The judgment ought, therefore, to be reversed.

Judgment reversed.