**ROCKINGHAM, SEPTEMBER TERM, 1824.**

JANE PRIEST, *adm'x. vs.* JOSEPH TARLTON *et al.*

Where a debtor was committed to prison upon execution, and within fifteen days after the commitment the creditor died, and upon an application afterwards made to two magistrates, by the debtor, to be discharged upon taking the poor debtor's oath, notice was given to the attorney, who appeared in the suit, and obtained the execution ; the notice was held to be sufficient.

When a computation of time is to be made from the time of an act, or from an act done, the day, when the act is done, is to be included.

DEBT, upon a bond in the penal sum of $84 64, with a condition, that *Joseph Tarlton* should continue a true prisoner in the gaol in Portsmouth.

The cause was submitted to the decision of the court upon the following facts :

At February term, of this court here, 1822, *Nathan Priest*, the plaintiff's intestate, recovered judgment against said *Joseph Tarlton*, for $31 70 debt, and $7 77 costs of suit ; execution issued upon that judgment, and *Tarlton* was arrested and committed to the goal in Portsmouth, on the 16th September, 1822 ; whereupon, he gave the bond, now in suit.

*Nathan Priest* died on the 30th September, 1822 ; and on the 1st October, in the same year, *Tarlton* made application to two magistrates, to be admitted to take the poor debtor's oath ; and on the same 1st October, 1822, notice was given to *W. Claggett*, who had been the attorney of the said *Priest* in said suit, that *Tarlton* had made application, and that said *Claggett* might, on the 16th October, 1822, shew cause, why the prayer of *Tarlton's* petition should not be granted.

On the 16th October, the oath, prescribed by the statute, was administered to *Tarlton*, and he was discharged from prison.

*W. Claggett*, for the plaintiff.

*E. Cutts, jr.*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The question to be decided in this case is, whether *Joseph Tarlton* was legally discharged from imprisonment, upon an execution in favour of *Nathan Priest*, on the 16th October, 1822. If he were so discharged, this action cannot

<div style="margin-left:margin">Priest<br>*vs.*<br>Tarlton et al.</div>

be maintained ; but if the requisitions of the statutes were not substantially pursued in his discharge, the plaintiff is entitled to judgment.

The statute of June 16, 1807, *sec.* 4, (1 *N. H. Laws* 158,) enacts, " that said debtor may, at the expiration of fifteen " days from the time of his commitment, apply to have said " oath administered to him." *Tarlton* was committed on the 16th September, 1822, and on the 1st October, in the same year, made application to have the oath administered to him. It is objected, that the fifteen days from the time of his commitment had not expired on the 1st October.— The validity of this objection depends upon the question, whether the day of commitment is to be reckoned in calculating the fifteen days ? If it be, the application was duly made in point of time. Upon a recurrence to the authorities, we find it settled, that when a computation of time is to be made from an act done, or from the time of an act, the day, when the act is done, is to be included. *Comyn's Digest,* " *Temps*" A.— 3 *D. & E.* 623, *Castle et a. vs. Burdit et a.*—*Doug.* 464, *The King vs. Adderly.*—5 *Coke* 1, *Clayton's case.*—*Croke James* 135, *Osburn vs. Rider.*

This objection must, therefore, be overruled.

The statute of February 15, 1791, (1 *N. H. Laws* 154,) enacted, " that such court, or justices applied to, shall noti- " fy, in writing, the creditor, if within this state, or the at- " torney, who appeared in the cause, in case the creditor " live more than forty miles from the prison, or out of the " state." And the statute of June 16, 1807, (1 *N. H. Laws* 158,) enacts, " that no such debtor shall be admitted " to the oath aforesaid, unless he shall have given notice to " the creditor, or creditors, who committed him to prison, " or their agent or attorney, of the time and place, when " and where such oath will be administered, fifteen days " previous to taking said oath."

It is objected, that the notice was insufficient in this case, because given to an attorney after the relation of attorney and client had ceased to exist, the client being dead.

But we are of opinion, that, in the statute of June 16, 1807, " attorney" means the attorney, who appeared in the

cause, as it is expressly provided in the statute of February 15, 1791 ; and that the relation of attorney and client, for the purpose of receiving notice, is created by the statute, and cannot be dissolved by any act of the attorney or client, nor by the death of the client. If, after judgment, the client takes his execution and discharges the attorney, still, for this purpose, he remains attorney. As the capacity of the attorney to receive legal notice does not depend upon the will of the client, there seems to be no reason, why we should hold, that the capacity ceases by the death of the client.

<div align="right">Priest<br>vs.<br>Tarlton et al.</div>

*Judgment for the defendant.*