## WHICHER *vs.* WHICHER.

A justice of the peace, who, at the request of the counsel for the plaintiff, had appeared on behalf of the plaintiff at the taking of a deposition to be used in the cause, and examined the witness, is incompetent, afterwards, to take a deposition for the plaintiff, as a magistrate, in the same cause.

But where the defendant attended the taking of such deposition before the magistrate, and knew that he had thus acted as counsel, and made no objection on that account, it was *held* that it was too late to make the objection at the trial, and that the deposition was admissible.

ASSUMPSIT on a promissory note.

Upon the trial, the plaintiff offered the deposition of a

witness, taken before a justice of the peace for this county. It appeared that the magistrate had, at the request of the counsel for the plaintiff, attended the taking of a deposition in the cause, and put questions to the witness, on behalf of the plaintiff, before the deposition in question was taken, and that the defendant attended the taking of the deposition now offered, and knew at the time that the magistrate had appeared on behalf of the plaintiff, as aforesaid, but made no objection on that account, to his competency to take the deposition.

The defendant objected to the admission of the deposition, but the court permitted it to be read to the jury; who returned a verdict for the plaintiff—which the defendant thereupon moved to set aside.

*Nesmith*, for the plaintiff.

*S. D. Bell,* for the defendant.

Gilchrist, J. This case presents two questions. The first is, whether the magistrate was a proper person to take the deposition; and the second, whether, if he were not, the defendant, by omitting to object at the taking of the deposition, has waived any objection to his competency.

The first section of the act of Dec. 31, 1828, *N. H. Laws* 505, (*Ed. of* 1830) provides, that in certain cases depositions of witnesses " may be taken before a justice of the peace ; but no attorney employed, nor other person interested in the cause, shall write the testimony of any such witness."

In giving a construction to this act, we are bound to presume, in order that justice may be done, that it was the intention of the legislature that no deposition should be taken before a magistrate who was interested in the cause, although the restrictive words apply only to the person who shall write the testimony of the witness. Should the witness himself, or some one not interested in the cause, write the testimony,

all the mischief, guarded against by the words of the statute, would be prevented, however great might be the pecuniary interest, or strong the prejudices of the magistrate who should administer the oath. There appears to be nothing in the words of the constitution or laws which prohibits an interested magistrate from administering an oath to a witness. The seventh clause of that part of the constitution which relates to the judiciary, provides that no justice shall act as attorney, or be of counsel to any party, or originate any civil suit in matters which shall come before him as justice. The seventh section of the act of Dec. 31, 1828, upon the jurisdiction and proceedings of justices of the peace, *N. H. Laws* 67, (*Ed of* 1830) provides that no justice shall be of counsel, or act as an attorney to either party, nor shall any justice undertake to advise or assist any party in any cause before him.

And it is believed that these are all the constitutional or legislative provisions on the subject. It seems somewhat remarkable, that in the legislation on this matter, while restrictions are imposed on the power of magistrates to act in certain cases, this, of equal importance with any other, should have been neglected. But we are not aware that courts have ever admitted the power of a magistrate to perform any official act, in relation to a matter in which he had a pecuniary interest, or where he had been so connected with either of the parties, as to throw a suspicion on his impartiality.

Thus it was held in the case of *Bean* vs. *Quimby*, 3 *N. H. Rep.* 94, that an uncle to a party in a suit was not a proper person to take depositions for a party to be used in the suit. And it is said by the court, that " the invariable rule by which this court is governed in the admission of depositions, is, not to receive any which have not been taken fairly, and with the utmost good faith, before a suitable magistrate, and at a proper time."

This case is evidently decided on the ground that depositions taken by an uncle to one of the parties are presumed to be tainted with partiality.

But since the decision of this case, a different opinion seems to have been entertained in Massachusetts, as to the question whether one related to either party could properly act as a magistrate.   In that state, the *act of* 1797, *ch.* 35, § 1, provided that a deposition " may be taken before a justice of the peace, not being of counsel or attorney to either party, or interested in the event of the cause."   And in the case of *Chandler & al.* vs. *Blanchard,* 14 *Pick.* 285, it was held that where a deposition was taken by a justice of the peace, who was son-in-law of one of the parties to the suit, but no fraud nor partiality was alleged, the justice was not " interested in the event of the cause," within the meaning of the statute.   The court say, that the words, " interested in the event of the cause," have a settled meaning in the law, and refer to such an interest as would disqualify a witness ; and that when the legislature have said, that a magistrate, not thus disqualified, may take a deposition, the court cannot decide that he shall not exercise such power. It is, however, also said in the opinion, that " the court have a discretion in some respects, in regard to the admission of testimony ; and if it were shown that fraud or partiality had been practised in taking a deposition, they would reject it."

The difference between the courts in this state, and in Massachusetts, seems to be this, that here it is held that the relationship alone is a disqualification of the magistrate, while in Massachusetts the fraud and partiality must be proved by the party who objects to the deposition.

These cases are adverted to here, not because the precise point, raised by the case before us, is decided in them, but because they show that in cases not embraced in any statutory provision, the courts feel bound to exercise a discretionary power over the admission of depositions, that the ends of justice may be answered.   But there are cases in which the competency of one to act as a magistrate in taking a deposition, who has formerly acted as counsel or friend to one of the parties, is considered and decided.

Thus, in the case of *Wood* vs. *Cole*, 13 *Pick.* 279, a deposition was taken by a magistrate who had previously appeared as counsel at a trial of the action, in behalf of the attorney by whom it was commenced, and subsequently was retained as counsel, but was not of counsel at the time he took the deposition; and it was held that such magistrate was not legally incompetent to take the deposition, and that its admission or rejection on the ground of prejudice, was a matter within the discretion of the court. And it is said by the court, that "it is undoubtedly very proper to watch over depositions narrowly, in order to prevent their being taken by persons who are prejudiced in the case; but when not within the statute, this is a question addressed to the discretion of the court."

So, in *Coffin* vs. *Jones*, 13 *Pick.* 441, a magistrate, by whom a deposition on the part of the defendant was taken, testified that he was a friend of the defendant, and that as such he had felt it to be his duty to aid him all in his power, by his advice, &c., in defending himself against the suit; that he was present with the defendant and his counsel at the taking of other depositions before another magistrate, and that he made suggestions to them; that the plaintiff had himself agreed to a commission authorizing him to take other depositions in the case, and had declared himself satisfied of his impartiality in taking them. The court held that he was not included within any exception in the statute of 1797, and was duly authorized to take the deposition. "Most certainly, he was not counsel or attorney, within the true meaning of the statute; and the only question is, whether he was, as the friend of the defendant, under any bias in his favor, so that we must presume the depositions were not taken impartially. And we are of opinion there is no ground for any such presumption."

We have no doubt that in the two cases above referred to, the court, upon a view of all the circumstances, exercised, with entire impartiality and correctness, the judicial discre-

tion with which they held themselves invested. We are not disposed to question the propriety of admitting the depositions, if such admission be properly a matter for the discretion of the court; but our doubt is, whether a magistrate who has acted as counsel in the case, is a proper person, under any circumstances, without the agreement of the parties, to take depositions to be used as evidence upon the trial.

The duty of a magistrate in taking a deposition, is essentially judicial in its character. He has other duties to perform than that of administering an oath to the deponent. He has a discretion to exercise in regard to the treatment of a witness, that he may not be induced by leading questions to state facts more broadly than the truth will warrant, and that he should not be brow-beaten nor terrified into the suppression of facts within his knowledge. He is to determine, in the first instance, subject to the supervision of the court, upon the legality of the evidence sought to be obtained from the witness, and upon the competency of the questions proposed to him. And he is to exercise such a general supervision over the examination, as will tend to elicit the truth, in a legal and proper manner, which, particularly in the case of timid or illiterate witnesses, is one of the most delicate and difficult parts of judicial duty. These duties are, in practice, too often overlooked by a careless or inefficient magistrate, or wilfully disregarded by a prejudiced one. A party selects his own magistrate, and, having this power of selection, he is naturally more anxious to seek a friendly, than a hostile, or even an impartial tribunal. Under such auspices, the examination proceeds as might be anticipated. The opposing party, not unreasonably distrustful of the magistrate selected by his antagonist, is often dissatisfied with the course of the examination; and the instances are numerous, where, rather than submit to the injustice of hearing what he believes a partial statement of facts read to the jury, he incurs the expense of summoning the witness to attend the trial, that the deposition may not be used. The statute allow-

ing depositions to be taken, and which has in view the object not only of saving expense to the parties, but also the time of the witnesses, is thus practically repealed. Now to hold that a magistrate, invested with such varied powers, and whose improper conduct may lead to such evil results, should not be as impartial as the lot of humanity will admit, is to apply to him a rule which never obtains in any other case, where men are appointed to decide upon the rights of others. He should certainly be as impartial as a juror, and, like him, "should be *omni exceptione major*, and should be one, *per quem rei veritas melius sciri potest;* and, therefore, if the juror be under the power of either party, as if *counsel*, servant of the robes, or tenant, they are expressly within the intent of the writ, and these are principal causes of challenge. And in the challenges to the favor, and inducements to suspicion of favor, the question is, whether the juryman is indifferent, as he stands unsworn; for a juryman ought to be perfectly indifferent to either side, for otherwise his affection will give weight to the evidence of one party, and an honest but weak man may be so much biassed as to think he goes by the evidence when his affections add weight to the evidence." *Bacon's Abr., Juries, E, 5.*

So it is a good cause of challenge to the favor, if a juror has, before the trial, heard the principal witnesses of one party, and, as a magistrate, at his request, has taken their depositions. *Rollins* vs. *Ames*, 2 *N. H. Rep.* 349.

And a juror would doubtless be equally exceptionable, if, as in the present case, he had acted as agent or counsel for one party in taking depositions.

In the case of *Pierce* vs. *Sheldon*, 13 *Johns.* 191, it is said to be questionable whether a magistrate is legally disqualified to try a case, because he is the father-in-law of the plaintiff; but the gross indecency of an exercise of his judicial power in such a case, should induce this court to scrutinize his proceedings with a jealous eye." But in the subsequent case of *Bellows & a.* vs. *Pearson*, 19 *Johns.* 172, it was held that the

fact, that the justice who admitted that he was the son-in-law of the plaintiff, insisted on retaining jurisdiction, was, of itself, evidence that the trial was not fair and impartial. And in the case of *Smith* vs. *Smith*, 2 *Greenl.* 408, it was held that depositions taken before one who has acted as the agent of the party in the same cause, are inadmissible, the court observing that it was evident from these facts that he was not free from bias in the cause, and therefore not a suitable person to take the testimony of witnesses.

Upon the authority, therefore, of this case, and of the other analogous cases referred to, and from the general considerations to which we have alluded, we are of opinion that the deposition was not taken by a magistrate competent to act ; and, if there were no other question in the case, should be rejected.

The other question is, whether the objection to the deposition is seasonably taken. The rule is, that such objections must be taken at the time when the party becomes aware of their existence, or he will be held to have waived them. Thus where a cause of challenge to a juror is known to a party at the trial, he must avail himself of it at the time, otherwise he will be considered as having waived it. *Rollins* vs. *Ames*, 2 *N. H. Rep.* 349.

And the same point is decided in *Eggleston* vs. *Smiley*, 17 *Johns.* 133, although it does not appear, from the report of the case, that the objection was known at the trial to the party making it.

So in the case of *Farrow* vs. *The Commonwealth Ins. Co.*, 18 *Pick.* 53, it was held that it was too late to take an objection to a deposition, which was known at the time of the trial, and for more than a year afterwards, to the counsel who then conducted the defence.

And a party objecting to an interrogatory, filed before the issuing of a commission to take a deposition, should specify the grounds of the objection, in order that the adverse party may have an opportunity to vary the interrogatory. *Allen* vs. *Babcock*, 15 *Pick.* 56.

And on the taking of a deposition, a leading question must be objected to, at the time it is put to the witness; because, if objected to then, the question might have been varied, and addressed to the witness in a form free from any objectionable character. *Woodman* vs. *Coolbroth*, 7 *Greenl.* 181; *Rowe* vs. *Godfrey*, 16 *Maine R.* 128; *Brown* vs. *Foss*, 16 *Maine R.* 258.

A party who knows of an objection of this kind, which may be obviated by the opposing party, cannot be permitted to lie by, and present it at a time when it cannot be remedied. *Gear* vs. *Smith*, 9 *N. H. Rep.* 63. In the case before us, the plaintiff might have declined to proceed with the deposition before this magistrate, and might have caused it to be taken before one who had always stood indifferent in the case; no objection being made, he had reason to believe that the defendant was satisfied of the impartiality of the justice.

We are, therefore, of opinion that the objection came too late, and that the plaintiff is entitled to

*Judgment on the verdict.*