## WILCOX v. SCHOOL DISTRICT No. 1 IN LEMPSTER.

The fact, that one selectman only, was present at the drawing of a juror who sat in the trial, will furnish no cause for setting aside the verdict, where the exception is taken after verdict; the ground of the exception appearing on the records of the town.

ASSUMPSIT for work, labor, &c. Upon a trial had upon the general issue, a verdict was returned for the plaintiff. After the verdict was returned, the defendants moved to set the same aside, and for a new trial, on the ground of alleged informality and illegality in the selection and drawing of one of the jurors who sat in the trial and returned the verdict. Upon the affidavit of the town clerk of Croydon, and by the records made and kept by him, it appeared that at the time and place appointed for the drawing of jurors from that town, to serve at this term of the court, only one of the selectmen of that town was present, or attended at said drawing.

And it was further shown by the affidavits of the agent of said district, appointed to defend said action, and by Ralph Metcalf, Esquire, sole counsel who acted, and made the defence, that neither of them had any knowledge or suspicion that there was any informality or illegality in the drawing of the jurors returned from Croydon until after the return of the verdict. One of the jurors returned from said town sat in the trial of this action.

*Metcalf*, for the defendants.

The laws of the State expressly require, among other things, that the jurors be drawn by the town clerk, in the presence of the selectmen. Rev. Stat. chap. 176 § 9. This was not complied with in Croydon. But one selectman attended the drawing.

The provisions of the statute in choosing jurors must

be strictly complied with, or a new trial will be granted. *Jones* v. *State*, 3 Blackford's Rep. 37.

The case finds that neither the defendants nor their counsel knew of the illegality in drawing the jurors in Croydon, till after the verdict.

They were not bound by it, because we are not to presume the town officers have neglected their duty or have done contrary to the requirements of law.

The returns on the venire would not be conclusive evidence of the facts returned, and evidence *aliunde* might be produced to contradict them, to the great impediment of the business of the court.

The decisions of the courts of another State on the construction of a statute are not binding on the courts of this State, and will not be authority here when they conflict with sound policy, and may impede the pure administration of justice.

It is better to hold town authorities to pursue the requirements of laws particularly specified than to sanction departures.

*E. L. Cushing*, for the plaintiff.

I. The defect complained of is an irregularity. If the party overlook the irregularity and take subsequent steps in the cause, he cannot afterwards revert back to it. Tidd's Practice (9 Ed.) 513, and cases there cited.

II. Whatever the theory may be, the cases of *Amherst* v. *Hadley*, 1 Pick. 38, and *Hill* v. *Yates*, 12 East. 229, are authorities in point, to show that the alleged defect furnishes no ground for setting aside the verdict.

WOODS, J. In the case of *Amherst* v. *Hadley*, 1 Pick. Rep. 38, it appeared upon the face of the venire and the officer's return, that a juror was drawn more than twenty days before the court, contrary to the stat. 1807 chap. 140 § 4, but the fact did not come to the knowledge of the party

until after the verdict was rendered against him. The court held that this was no cause for setting aside the verdict upon motion, and that it would not sustain error.

A similar exception was taken in the case of *State* v. *Haskell*, 6 N. H. Rep. 352, in which the court say, " This would have been a sufficient exception against that particular juror, if it had been taken before the trial. But it is now too late. The venires are uniformly returned into court, and any party can have access to them, and examine the returns, before his case comes on for trial. If he omits to do this, he must be considered as waiving an exception of this character. If the exception was of a nature that he could not have availed himself of it at an earlier stage, by the exercise of due diligence, it might be otherwise; but that is not the case here; and the party cannot be suffered to lie by, take the chance of a verdict, and then avail himself of an objection to a juror, the evidence of which was on file with the clerk prior to the trial."

Alienage is a ground of challenge to a juror; and if a party has an opportunity of making his challenge and neglects it, he cannot afterwards make the objection. *King* v. *Sutton & a.*, 8 Barn. & Cres. 417.

In *Rollins* v. *Ames*, 2 N. H. Rep. 349, one of the jurors had acted as a magistrate to take the plaintiff's depositions, and one of the defendant's counsel was ignorant of the fact until after the verdict was rendered. It was held to have been an undoubted cause of exception to the jury if seasonably taken, but that it could not vitiate the verdict. It did not appear but that the other counsel and the defendant himself knew the fact.

We think the doctrine applicable to this case and governing it, is stated in *State* v. *Haskell*. The fact constituting the objection appeared on the public records of the town, open at all times to the inspection of the defendant. He did not see fit to examine them to ascertain the legal qualifications of the jurors, and must therefore be taken to have

waived the exception which such examination would have enabled him to take at a time when the defect of the panel could have been cured.

*Judgment on the verdict.*