## THOMAS FLANDERS *vs.* JOSEPH THOMPSON *et al.*

Where two magistrates under the acts for the relief of poor debtors discharge a prisoner in execution, their certificate that the creditor has been duly notified, is not conclusive evidence that the creditor has had notice.

An order of the magistrates in such case upon the creditor to shew cause, left at a house where the creditor had once lived, but from which he had removed to another place in this state, is not a sufficient notice.

This was an action of debt upon a bond made by the defendants on the 16th January, 1819, with a condition that if *Thompson*, then a prisoner in the gaol in Lancaster, in this county, at the plaintiff's suit should continue a true prisoner until lawfully discharged, then the bond to be void, &c.

The cause was submitted to the decision of the court upon a statement of facts in substance as follows:

*Thompson*, being in the gaol in Lancaster, on an execution at the suit of the plaintiff, and having given the bond on which this suit is brought, on the 1st February, 1819, made application to two proper magistrates to be discharged as a poor debtor. The magistrates made an order that the plaintiff, the creditor, should be notified to appear and shew cause on the 25th February, 1819. The order was delivered to the sheriff of this county, who, on the 4th February, 1819, left it at a house in Colebrook in this county, where the plaintiff had formerly lived, but from which he removed on the 14th January, 1819, and went to reside in Lee, in the county of Strafford, where he has ever since lived. The sheriff made a return upon a copy of the order in the words following: "Coos, ss. Feb. 4, 1819. I this day left the "original, of which the foregoing is a true copy, at the late "dwelling house and last and usual place of abode of the "within named *Thomas Flanders*, in said Colebrook."

On the 25th February, 1819, *Thompson*, having taken the oath by law prescribed, was discharged by the magistrates, who made a certificate of their proceedings, in which they stated that *Flanders* had been duly notified, but did not attend.

It was agreed by the parties that neither *Flanders* nor his attorney, who resided at Lancaster, had any actual notice of *Thompson's* application, and that if the court should be of opinion that the certificate of the magistrates respecting the notice was not conclusive, and that the notice was insufficient,

Flanders
*vs.*
Thompson et a.

(1) 12 Mass.
Rep. 319,
Little vs.
Hasey.

then judgment to be rendered for the plaintiff; otherwise for the defendants.

*By the Court.* There is no pretence for the supposition that the certificate of the magistrates, is conclusive evidence of notice to *Flanders.* So far from this, it would not in our opinion be competent evidence to go to a jury to prove that fact.(1) And there is as little pretence that the notice was in this case sufficient. It might as well have been left at any other house in the county as at the house where it was left. *Flanders* resided within the state, and his attorney in Lancaster. Actual notice might have been given to one of them. There must be

*Judgment for the plaintiff.*