## GEAR *vs.* SMITH and als.

Where application was made to magistrates by an individual to take the poor debtor's oath, and one of the magistrates selected by him was an uncle of the debtor, which fact was unknown to the creditor or his attorney, so that the exception might be taken at the hearing,—*held*, that permission to take such oath on a hearing before such magistrates was invalid.

DEBT upon a bond. The writ in this case was served upon Smith only, and a return of *non est inventus* was made as to the other two defendants named in the writ.

The bond declared upon was given to the plaintiff by Joseph P. Leavitt as principal, and the other two signers as sureties, with condition that the said Leavitt, who was then a prisoner on execution, at the suit of the plaintiff, should within one year take the oath prescribed by law for the ease and relief of poor debtors. Said Leavitt took said oath, but one of the magistrates who administered the same was a brother to the said Leavitt's father.

Notice of said Leavitt's intention to take the oath was served on Messrs. Hale & Woodman, the attornies of record of the plaintiff, who made some enquiries about the circumstances of the applicant; and having ascertained, as they supposed, that the applicant had property which would pre-

clude him from taking the oath, they took depositions to establish that fact, and sent them to an attorney living in the neighborhood of the place of hearing, requesting him to appear for them, and oppose the admission of the applicant to take the oath ; but gave no instructions in the case except by furnishing these depositions.

Two days before said hearing, Messrs. Hale & Woodman learned that one of the magistrates was reputed to be an uncle of the applicant, and they immediately wrote to the attorney employed by them as aforesaid, to make this objection, but the letter did not arrive until after the day of hearing. The plaintiff had no knowledge of such relationship.

It was agreed by the parties that if the court should be of opinion that the above facts shew a legal and sufficient performance of the condition of the bond, that the plaintiff should become nonsuit, otherwise judgment should be rendered for the plaintiff.

*Hale & Woodman,* for the plaintiff, cited the 35*th sec. of the Bill of Rights ; Co. Lit.* 157, *a ;* 5 *N. H. R.* 94, *Bean* vs. *Quimby, and authorities there cited.*

*Smith,* for the defendant.

UPHAM, J. The admission of an individual by commissioners of jail delivery to take the poor debtor's oath, is a judicial act, involving matters of much importance to the debtor and creditor. This tribunal, like every other whose acts are of a judicial character, should be impartially constituted ; especially where a party in interest, as in this instance, has a right to select the magistrates composing it, from the various justices of the county, from whose decision there is no appeal.

A selection in such case by an individual of his near relatives, as of a father, brother, or uncle, is grossly improper, and affords great reason for entire distrust of the fairness and impartiality of the tribunal so selected.

Lord Coke says that "*the law* presumeth that one kinsman doth favor another before a stranger"; and the constitution declares it to be "essential to the preservation of the rights of every individual, his life, liberty, property and character, that there be an impartial interpretation of the law and the administration of justice," and that "it is the right of every citizen to be tried by judges as impartial as the lot of humanity admits."

On this principle courts have sedulously guarded every avenue to justice against the bias of either interest or relationship.

The provincial act of 31 Geo. II. in relation to the selection of jurors, provides that either party may require of any juror to answer upon oath "whether he doth expect to gain or lose by the issue of the cause then depending? Whether he is any ways *related to either party?* and whether he hath, directly or indirectly, given his opinion, or is sensible of any prejudice in the cause?" *Prov. Laws* (*ed.* 1771) 191.

By the English common law, it is a matter of challenge to a juror, if he be within the ninth degree of relationship. 3 *Black. Com.* 363.

It has been holden, that an uncle to a party in a suit is not a proper person to take depositions, and that it is a gross act of impropriety for a person standing in such a relation to the plaintiff to act as a magistrate. 3 *N. H. R.* 98, *Bean* vs. *Quimby.*

In *Eggleston* vs. *Smiley*, 17 *Johns.* 133, where an exception was taken, that a cause was tried before a justice of the peace who was half uncle to the plaintiff's wife, the relationship was held to be too remote to disqualify the justice from acting. But it was there distinctly holden, that near relationship would disqualify a justice, and the rule laid down was, that the relationship must be so near as to amount of itself to evidence of partiality and fraud. See, also, 13 *Johns.* 191, *Pierce* vs. *Sheldon; and* 19 *Johns.* 172, *Bellows & al.* vs. *Pearson.*

By the law of Connecticut, no person can sit as a judge in any case where relationship exists betwixt him and the party, in the degree of father and son, brother and brother, or uncle and nephew, in like kind. *Laws of Conn.* 424, (*ed.* 1808.) In Vermont no judge can sit on the trial of any cause in which he is related to either party within the fourth degree of consanguinity. *Vt. Revised Laws* 162. In New-York no judge of any court can sit as such in any cause in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties. 2 *Revis. Stat. of N.Y.* 275.

The common sentiment and regulations prevailing on this subject, show that where near ties of relationship exist betwixt a tribunal and a party whose rights are to be passed upon, such tribunal cannot, in the words of our constitution, "be as impartial as the lot of humanity admits."

In this case, it appears that the plaintiff had no knowledge of the relationship of the magistrate to the debtor, and such fact did not come to the knowledge of the plaintiff's attorney in season to enable him to take the exception. Had this fact been seasonably known to the counsel, and no exception been taken, it would have been regarded as waived.

The debtor was alone in fault, and he gives no excuse for his selection, from necessity or other cause; but the selection was voluntarily made where no appeal could be claimed, and the discharge allowed was invalid.

*Judgment for the plaintiff.*