# BROWN *vs.* DAVIS.

Between the parties to a suit, and those claiming under them as privies, and all others whose rights and liabilities are dependent upon the suit, as bail and endorsers, the return of the sheriff, of matters material to be returned, is so far conclusive evidence, that it cannot be contradicted for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired under them.

But such evidence is not conclusive as to third persons, whose interests are not connected with the suit, but whose interests may be affected by the proceedings of the sheriff, nor as to collateral facts, or matters not necessary to be returned.

Where an officer made a return, upon a writ, that he had attached certain property on the 8th of November; and another officer attached the same property on the 10th, and took it from the possession of a person to whom the first had delivered it on the 9th, which was Sunday; after which the first retook it—*held*, in an action of trespass against him for thus retaking the property, that it was not competent for the plaintiff to show that the defendant did not actually attach the property on the 8th, his return being conclusive evidence of that fact, in such action.

TRESPASS, for taking and carrying away, from the possession of the plaintiff, a two horse wagon.

The defendant pleaded the general issue, and filed a brief statement, alleging that he was a deputy sheriff—that the wagon was the property of one Daniel Cressey, and had been attached by him on two writs against said Cressey, one in

favor of Nathan Melvin, and the other in favor of Stephen W. Marston, which were duly entered and prosecuted; and that the supposed trespass was merely reclaiming said property, which had been wrongfully taken from the defendant after said attachment.

The plaintiff offered in evidence a writ, in favor of himself, against said Cressey, on which Stephen George, another deputy sheriff, had returned an attachment of said wagon, Nov. 10, 1834; and there was evidence to show that said George attached and took possession of the wagon on Monday morning, Nov. 10th, immediately after twelve o'clock. It appeared that the wagon was at that time in possession of said Melvin, who claimed the same as having been attached prior to that time, on his writ.

The defendant produced the writs mentioned in his brief statement, on which he had duly returned an attachment of said wagon, on the 8th of the same November, and offered evidence to show that he put the wagon into the custody of Melvin between nine and ten o'clock on Sunday morning.

To rebut this, the plaintiff offered evidence tending to show that the defendant did not take possession of the wagon on the 8th of November, and that he was not on that day where he could have taken possession of it. It appeared that the defendant, about ten o'clock of the evening of that day, enquired of one Nichols where the wagon was, and engaged Nichols to get it from a place about two miles distant from Nichols'; that he went himself several miles in another direction, and was there at half past eleven, and that the wagon was brought to him on Sunday morning, when he put it into the possession of Melvin.

After George had attached the wagon, he put it into the possession of the plaintiff, who receipted for it, and the defendant subsequently took it from the plaintiff's possession, claiming to hold it on his attachment.

The plaintiff contended that no attachment was made on Saturday, the 8th,—that taking possession on Sunday, to

sustain a pretended attachment, was illegal,—and that the attachment by George, upon his writ, was therefore a legal attachment.

A verdict was taken for the plaintiff, by consent—judgment to be rendered thereon, or for the defendant, according to the opinion of this court upon the foregoing case.

*B. M. Farley* and *W. Tappan*, for the defendant, cited 1 *Fairf.* 263, *Stinson* vs. *Snow*; 4 *Mass.* 478, *Slayton* vs. *Chester*; 15 *Mass.* 232, *Winchell* vs. *Stiles*; 17 *Mass.* 601, *Bean* vs. *Parker.*

*H. B. Chase*, for the plaintiff.

PARKER, J. It is not contended that an attachment of this wagon on Sunday would be legal, and the actual possession of it, by the defendant, on that day, cannot avail to defeat the plaintiff's action, if no attachment had been made by the defendant on Saturday. There is evidence in the case, if it can lawfully be received, which tends very strongly to show that the defendant had not the actual possession of the wagon on Saturday, and that he was not present where the wagon was so that he could have taken possession of it, or have removed it; or, in other words, that it was not in his custody, or within his power, on that day. 2 *N. H. R.* 68, *Odiorne* vs. *Colley*; *ditto* 317, *Huntington* vs. *Blaisdell.*

But the defendant produces writs of attachment, duly issued, and delivered to him as a deputy sheriff, for service, on which he has returned an attachment of the wagon, by him, on Saturday; and the question is, whether the law has not given to this evidence such a conclusive character, that the evidence offered to rebut it, and show that it is false, cannot be received in this case. The authorities which bear upon this question are not uniform.

In Comyn's Digest it is said, that the return of a sheriff is of such high regard that generally no averment shall be admitted against it. *Com. Dig., Retorn, G.* This is recog-

nized as the general rule in 1 *N. H. Rep.* 69, *Lewis* vs. *Blair*, and 2 *N. H. Rep.* 81, *Whiting* vs. *Bradley*, in both of which, however, several cases are cited in which the rule has been held not to apply. In *Rex.* vs. *Elkins*, 4 *Burr.* 2129, it was held that a return of rescue was not traversable. So of returns upon scire facias. *Vide Cro. Eliz.* 872, *Flud* vs. *Pennington ;* 2 *Strange* 813, *Barr* vs. *Satchwell.*

It seems generally agreed that the return may be contradicted in an action against the sheriff for a false return.

In 2 *Saund.* 344, *note* 2, the sheriff's return on fieri fac. is said to be parcel of the record. In *Gardner* vs. *Hosmer*, 6 *Mass. Rep.* 327, Parsons, C. J., speaking of mesne process, says, "the officer making a return, which is on the return and filing of the writ a matter of record, cannot be admitted to contradict his own return." And in *Slayton* vs. *Chester*, 4 *Mass. R.* 478, the court held, that when a writ is returned by an officer as duly served, the defendant is estopped from denying the service ; and the return is spoken of as a record.

The return of the officer on a warrant of distress was held conclusive upon him, and he was not permitted to give parol evidence to show that he had advertised the goods a longer time than was stated in his return. 7 *Mass.* 388, *Purington* vs. *Loring.* In *Bott* vs. *Burnell*, 9 *Mass.* 98, the court held that the sheriff's return of an appraisement, and a delivery of seizin, upon execution, proved those facts, and that the debtor himself must be concluded, and all persons claiming under him, and all other persons, so far as it is evidence of former proceedings which are to avail against the parties, subjected to the authority exercised therein—but, on the other hand, if the land in controversy was not the debtor's, the extent was no title to the demandant against the lawful owner, or any person in the possession, and perhaps no evidence of seizin ; certainly not incontrovertible evidence to the prejudice of third persons. The sheriff's return, on a writ of seizin of dower, that dower had been set forth by three disinterested freeholders, is conclusive, and if not true

he is liable for a false return. 10 *Mass.* 313, *Estabrook* vs. *Hapgood.* In *Bott* vs. *Burnell*, 11 *Mass.* 165, it is said : " The sheriff's return is conclusive, as to the formal proceed- ' ings by the appraisers and himself, and is not to be contro- ' verted by other evidence. The effect of those proceedings, ' between the creditor and debtor in the execution, is to be ' determined by the sheriff's return, which is not to be sup- ' plied or contradicted." " These rules apply in all questions ' that can arise between the creditor and debtor, and all per- ' sons claiming under them respectively, concerning a title ' gained by an extent upon real estate to satisfy an execution, ' upon a judgment in a personal action. But when the ques- ' tion is with one not a party to the execution or judgment, ' and not claiming by a privity of title, there is nothing con- ' clusive or effectual in the sheriff's return. The title or ' seizin of a third person is not affected by it." So a return of *non est inventus* was held conclusive to charge the bail. 15 *Mass.* 232. So of a return of an officer, on the original writ, that he had arrested the body and taken bail. 17 *Mass.* 591. In the two last cases the return is treated as a record.

But in *Merrill* vs. *Sawyer*, 8 *Pick.* 397, it seems to have been held that " the return of an officer, that he had attached certain property, was not of itself sufficient evidence of an attachment in fact, in a suit against him, by another officer, claiming to have attached the same property." The grounds of the decision are not stated.

There are several cases in Maine, in which the returns of officers are held conclusive on the parties to the suit, and not to be contradicted except in an action against the officer for a false return. 1 *Fairf.* 263, *Stinson* vs. *Snow ;* 8 *Green.* 211, *Allen* vs. *The Portland Stage Co. ;* 3 *Fairf.* 417, *Agry* vs. *Betts.* No question appears to have arisen where the officer himself was a party.

In Vermont the return of the sheriff is said to be con- clusive against him, and prima facie good for him, and against third persons. 6 *Vermont R.* 66, *Staunton* vs. *Hodges ;* 5

*Vermont* 66, *Hathaway* vs. *Goodrich.* This, however, seems to have been all that was necessary to settle those cases.

In Connecticut the return of an officer, whether on mesne or final process, is held to be *prima facie* evidence only, and liable to be disproved. 6 *Conn. Rep.* 334, *Watson* vs. *Watson.*

In this state, the return of a surveyor, upon his warrant, has been held not to be evidence ; the reason being that it is not returnable process. 2 *N. H. R.* 390, *Davis* vs. *Clement.* And in *Kittredge* vs. *Bellows*, 4 *N. H. R.* 424, the court held the return was not conclusive evidence that several distinct acts, returned under the same date, were done on the same day. In 7 *N. H. R.* 427, *S. C., on review,* it is said : "if the officer returned upon the writ that he made the attachment on a particular day, his return could not be contradicted, although he never had been upon the land at all." And in *Howard* vs. *Daniels*, 2 *N. H. R.* 27, it was settled, that "if the proceedings in making an extent are not stated truly, the redress is by an action against the sheriff for a false return ; but the extent itself is valid as between the parties and their privies, unless defective on its face, or contaminated with fraud." In this case, and in *Sullivan* vs. *McKean,* 1 *N. H. R.* 372, extents, when returned, are considered as records. In *Lewis* vs. *Blair*, before cited, it is said, that the limits within which the rule, that there can be no averment against the sheriff's return, is applicable, "are distinctly marked by the reason and object of it," and the true rule is, "that for the purpose of invalidating the sheriff's proceedings, or defeating any rights acquired by means of them, the truth of his return cannot be called in question."

The greater portion of the authorities which have been cited may be reconciled with each other ; and the general principle which seems to be fairly deducible from them is, that between the parties to a suit, and those claiming under them as privies, and all others whose rights and liabilities

are dependent upon the suit, as bail and endorsers, the return of the sheriff, of matters material to be returned, is so far conclusive evidence, that it cannot be contradicted "for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired under them."

But such return is not conclusive as to third persons whose interests are not connected with the suit, but may be affected by the proceedings of the sheriff, nor as to collateral facts, or matters not necessary or proper to be returned. 1 *N. H. R.* 70 ; 2 *ditto* 140. Should the sheriff return that the property attached was at the time the property of the debtor, this would not preclude a third person from showing a good title to it, for both reasons. The sheriff's return may be evidence that he attached certain property, as the property of the debtor, without being evidence that it was in fact his property. There are some authorities to show that the sheriff's return may be *prima facie* evidence, even where third persons are concerned. 11 *East* 299, *Gyffords* vs. *Woodgate ;* 3 *Nevile & Manning* 871, *Avril* vs. *The Sheriff of Warwick.*

The statutes of this state provide that in certain cases the writ shall abate. 1 *N. H. Laws* 92. These matters, of course, may be pleaded, and if necessary a return of the sheriff may, perhaps, be contradicted thus far, for otherwise the statute could not be fully executed. Most of the matters there specified are, however, not the proper subject of a return.

Perhaps fraud in the officer, or the party, may also form an exception to the rule. 15 *Mass.* 232 ; 12 *ditto* 436 ; 2 *N. H. R.* 140.

And there are authorities to show that a return may be set aside upon a proper case made.

Applying these principles to this case, the return by the defendant on the writs committed to him, is entitled to equal consideration with that of George on the writ in favor of the plaintiff, and must be taken as proof that the defendant

attached the wagon on the 8th of November. The evidence which went to contradict this was inadmissible, and should have been rejected. Both parties claim title under Cressey, who was the owner of the wagon.

If the plaintiffs in the writs served by the defendant, or any third person, had receipted for the property, and were now contesting this matter with the present plaintiff, there could be no question made upon it, consistently with the principles before stated. And it makes no difference that in this case the officer himself is the party. He is here representing the interests which the plaintiffs in those suits have acquired by means of his returns. He claims for their benefit, under them. If he has misconducted, he cannot be made liable to damages for it in this suit. If the returns are false, he is liable to the party aggrieved by the falsity, but it is in an action for a false return. There is nothing showing any fraudulent collusion. The returns are conclusive evidence against him, that he attached the wagon on the 8th of November. The authorities very generally concur in this result. If he is not at liberty to contradict this, he must account for the property to those creditors. And if the return is conclusive against him, it should be equally so in his favor, except in a suit where its falsity is directly alleged and put in issue.

If he is himself the real party to the defence in this case, the final result, perhaps, would not be materially different, whether the falsity was shown in this or another suit against him ; but it is well known that the parties to the original suit often carry on suits for the recovery or defence of property attached, although it is necessary, in many instances, that the officer should be a party upon the record. The plaintiffs in those suits, relying upon the defendant's return, may have taken the defence of this suit. However that may be, there seems to be no necessity for making cases of this character an exception to the general rule.

According to the agreement of the parties, the verdict must be set aside, and

*Judgment entered for the defendant.*