## PARKER *vs.* GUILLOW & a. & Trustee.

The disclosure of a trustee, stating that the service of the writ upon him was not completed, is not sufficient to show fraud in the officer who returned the writ, and cannot be received to contradict the return.

A person who is indebted to one, only, of several joint debtors, may be summoned, and charged as trustee, in an action against all the joint debtors.

FOREIGN ATTACHMENT.    In answer to the general interrogatory, the trustee disclosed that some time in April, 1837, the officer who made return of the writ came to him, and asked him if John Guillow, jr., one of the principal debtors, worked for him, and if he owed him any thing ; to which he replied that there were unsettled accounts between them, and he might be owing him some—that the officer then made known to him that he had a trustee writ against him, partly unfolded it, read that part of it setting forth the declaration, and then put up the writ, saying that he wished the trustee to say nothing about it—that probably nothing farther

would be done about it, and that he would see the trustee again in a few days, and give him farther notice respecting it—that he repeatedly saw the officer during the season, and had no recollection of his saying any thing to him on the subject—that he had no knowledge of the suit, except as above mentioned, until within a few days before April term, 1838—and that, supposing the suit was abandoned, he did not answer to it at October term, 1837, and had settled with said John Guillow, jr., in January, 1838.

The return of the officer was in common form, that he had served the writ, by reading it in the presence and hearing of the trustee, April 28, 1837.

It further appeared from the disclosure, that on said 28th of April the trustee was indebted to said John Guillow, jr., in the sum of $27·21, on a balance of accounts, and that between that time and January 15, 1838, at which time they settled, he had, by the sale and delivery of divers articles to him, more than paid that amount.

As to Rufus Guillow, the other defendant, he answered that he had no property of his, and owed him nothing.

*Wilson,* for the plaintiff.

*Parker, & Hale,* for the trustee.

Parker, C. J. The disclosure of the trustee, so far as it tends to show that the service of the writ on him was not completed, cannot be received to contradict the return of the officer that he had served the writ upon the trustee; that being a matter material to be returned. *Brown* vs. *Davis,* 9 *N. H. Rep.* 76. There is not sufficient evidence, arising from the disclosure, to show fraud in the officer, or to authorize us to set aside the return. If the return can be shown to be false, the trustee may have a remedy by an action for a false return.

The return being taken to be true, it appears that the trustee was indebted to one of the principal debtors, upon

account, at the time of the service of the writ; and the payment of the amount, afterwards, to the debtor himself, cannot avail to discharge the trustee.

Nor is he entitled to a discharge on the ground that he was indebted to but one of the principal defendants. Where there are several defendants, the property of each may be attached, and applied to the payment of the debt; and as the operation of the trustee process is to attach the money or property of the principal debtor or debtors in the hands of a third person, it is immaterial whether that property is the separate property of one, or the joint property of all the debtors. *5 N. H. Rep.* 502, *Stone* vs. *Dean & Trustee.*

*Trustee charged.*