## HALL *vs.* TENNEY.

The return of a deputy sheriff, upon an order of notice issued on the application of a poor debtor to be admitted to take the oath prescribed by law, setting forth that he had delivered to the creditor's attorney a true and attested copy of the application and order, is so far conclusive evidence of the matter thus returned, that it cannot be contradicted in an action upon the bond given on the arrest of the debtor, there being no evidence of fraud in making the return.

DEBT, upon a bond dated October 31, 1836, given under the act of January 3, 1833, for the ease and relief of poor debtors; the condition of which was, that if Lemuel Stevens, jr., a prisoner at the suit of the plaintiff, should, within one year from the day of his arrest, to wit, &c., apply to the proper authority, and actually take the oath or affirmation prescribed by the laws of this state for the relief of poor debtors, or in default thereof should surrender himself up to the creditor, in the manner prescribed by the laws of this state, then the obligation to be void.

The defendant pleaded, 1. That on the 14th of October, 1837, Stevens applied to the proper authority, and took the oath prescribed by law. 2. That Stevens, on the 14th of October, 1837, made application to Mills Olcott and Ebenezer Adams, esquires, two of the justices of the peace and quo-

Hall *v.* Tenney.

rum, within and for the county of Grafton, setting forth that he had not any estate, real or personal, in possession, reversion, or remainder, to the amount of twenty dollars, excepting the goods and chattels exempted by law from attachment and execution, and praying to be admitted to take the oath prescribed by law for poor debtors—that said justices appointed the 30th day of October, at, &c., for the consideration of said application, and ordered Stevens to give notice thereof to Joseph Bell, the attorney of the plaintiff, by serving on him a copy of said application and order, at least fifteen days before said 30th of October—and then averred that T. C. Sloane, a deputy sheriff of said county, on the 14th of October gave to said Bell a true and attested copy of the application and order, and set out the subsequent proceedings, with the oath and discharge of Stevens, on the 30th of October.

The plaintiff demurred to the first plea, and assigned for causes—that it did not state to whom the application was made, or by whom the order was made, or the oath was administered—or that any notice was given of the application, &c.

The replication to the second plea traversed the averment that Sloane, on the 14th of October, gave to said Bell a true and attested copy of the application and order, in manner and form, &c., on which issue was joined.

Upon the trial of this issue, the defendant offered in evidence copies of the application to the justices, and the subsequent proceedings, which were filed in the office of the clerk of the common pleas, containing, among other things, a return of T. C. Sloane, D. S., that on the 14th of October, 1837, he " gave to the within named Joseph Bell a true and attested copy of the within application and order of notice thereon."

The plaintiff then offered in evidence the paper delivered by Sloane, and certified by him, which purported to be a copy of an application of *Samuel* Stevens, jr., and to be

signed with that name, to which evidence the defendant objected.

Whereupon the parties agreed that judgment should be rendered for the plaintiff, or for the defendant, as this court should direct on the foregoing statement.

*Bell*, for the plaintiff.   It is not enough to allege that the party applied to the proper authority.   It is the conclusion of law from facts, and not the facts, which is stated.   1 *Johns. R.* 91, *Service* vs. *Heermance;* 7 *Johns. R.* 75, *Frary* vs. *Dakin;* 11 *Johns. R.* 493, *Hines* vs. *Ballard.*

The certificate of the magistrates is not evidence of notice to the party.   2 *N. H. Rep.* 421, *Flanders* vs. *Thompson;* 20 *Pick. R.* 436, *Slasson* vs. *Brown.*

The issue upon the second plea, being whether the party was notified by a true copy, the best evidence upon that point is a comparison between the original and the copy left.

*D. Blaisdell, & Perley*, for the defendant.   The magistrates certify that notice was given, and they send in the officer's return.   This is sufficient.   6 *N. H. Rep.* 374, *Osgood* vs. *Hutchins;* 3 *Fairf. R.* 417, *Agry* vs. *Betts;* 1 *Shep. R.* 240, *Black* vs. *Ballard;* 3 *Pick. R.* 404, *Haskell* vs. *Haven.*

An action lies for a false return in such cases.   21 *Pick. R.* 165, *Woods* vs. *Varnum;* 3 *Fairf. R.* 417.

The case, *Slasson* vs. *Brown*, goes on the ground that the magistrates had not jurisdiction, because no sufficient notice had been given.

*Bell*, in reply.   In such a case as this, the return of an officer cannot be conclusive.   The statute requires the debtor to see that a copy is left.   It is no where made the official duty of an officer to make service.

The certificates of the magistrates that notice was given, cannot be conclusive.   Their return that the oath was administered is not conclusive.

Hall *v.* Tenney.

If they refuse to permit questions to be put to the debtor, their proceedings are of no avail.

PARKER, C. J.   It may very well admit of doubt whether the first plea can be supported, notwithstanding it adopts the phraseology of the condition.  The plea should show that the oath was administered by a tribunal having jurisdiction of the subject matter ; or, in other words, having competent authority to administer the oath in that case.   The allegation that Stevens applied to the proper authority, designates no tribunal, nor shows any fact, on the face of the plea, from which the court can judge whether the application was rightly made, and the oath lawfully administered, or not.   But it is not necessary to settle any question arising on the demurrer.

The second plea sets forth the proceedings at large, and there is no suggestion that it does not furnish a good defence, if it is supported.   The proof in support of it is sufficient, *prima facie*, and the only question is, whether the return of the officer, who served the order of notice, is conclusive evidence that the notice was given, as therein stated, or whether the defendant may be admitted to show that there was a variance between the original, and the copy left with his attorney, the former being the application of Lemuel Stevens, jr., and the latter purporting to be a copy of an application of Samuel Stevens, jr.

We are of opinion that the return of the officer must, in this action, be regarded as conclusive evidence of the facts stated in it.   This is the general principle.   *Brown* vs. *Davis*, (9 *N. H. Rep.* 76.)   The facts set forth in this return are matters proper to be returned.   Although the law did not require that the order of notice should be served by an officer, it permitted it to be so done ; and the officer in making the service acted in his official capacity, and under the sanction of his oath, as much so as in the service of a writ, or in the levy of an execution.   There seems, therefore, to be no reason why his

return should not have the same effect as in the other cases. 3 *Fairf. R.* 417, *Agry* vs. *Betts.*

There is here no suggestion of fraud, nor any reason, even to suppose, on the case before us, that the plaintiff could have been misled by the alleged error in the copy. If he has suffered by the default of the officer, he has his remedy by an action against him for a false return. 21 *Pick. R.* 165, *Woods* vs. *Varnum.*

*Judgment for the defendant.*