## BANKS & a. *vs.* JOHNSON & a.

The certificate of the justices who have administered the oath to a poor debtor, made in conformity to the statute, is *primâ facie* evidence of the facts therein stated.   But it is not conclusive evidence.

Whether it is not, in all cases, a justification to the goaler in discharging a prisoner in custody, *quere?*

The justices may adjourn, for a reasonable time, whenever it becomes necessary in the performance of the duty.

The hearing must be had at the time and place stated in the notice, unless it is delayed by a regular adjournment.

As a general rule, a party who has given notice of a hearing, at a particular hour, is required to proceed with his case within the hour, unless the matter is postponed.

Whether there may not be exceptions to this rule, *quere?*

DEBT upon a bond, dated September 16th, 1837, executed upon the arrest of Johnson, one of the defendants, by virtue of an execution in favor of the plaintiffs.

On the 20th day of August, 1838, Johnson applied to Isaac Hunt, Jr., and John M. Hunt, two justices of the peace and of the quorum, to be admitted to take the oath prescribed by law for the relief of poor debtors ; and upon that application the justices made an order of notice to the plaintiffs, to appear at the office of Abbot & Fox, in Nashua, on the sixth day of September, then next, at five o'clock in the afternoon, to shew cause, &c.

The justices certified that at said place Johnson appeared and took the oath prescribed by law—that the plaintiffs were notified, and did not attend—and that " the within time of hearing was necessarily adjourned until 7 o'clock, P. M., the same day."

The plaintiffs proposed to prove that they appeared at the place, with witnesses and counsel, at 5 o'clock, being the time specified, to resist the application of the debtor to take the oath, and remained there until ten minutes past 6 o'clock, when, no justice appearing, they went away ; but the evidence was rejected by the court, and a verdict taken for the defendants, subject to the opinion of this court.

Banks *v.* Johnson.

*B. F. Emerson,* for the plaintiffs. It may be conceded that the certificate of the magistrates is *prima facie* evidence of the facts therein stated.

But we contend that it cannot be conclusive. The duty of the magistrates, under the statutes for the ease and relief of poor debtors, may be considered judicial. But it is a limited jurisdiction, not according to the course of the common law, and is to be exercised according to the provisions of particular statutes. It is believed to be well settled that nothing is to be presumed in favor of such a tribunal; and that unless it is made to appear in some way that it has proceeded according to the provisions of the statutes, its proceedings are merely void. This doctrine is fully sustained by the following authorities. 4 *Mass. R.* 641, *Bridge* vs. *Ford;* 11 *Mass.* 507, *Smith* vs. *Rice;* 3 *Dane's Abr.* 65; 3 *N. H. Rep.* 265, *Gorrill* vs. *Whittier.*

Where an inferior tribunal does not proceed according to the provisions of the statutes, its doings may be avoided by plea. 13 *Mass.* 264, *Davol* vs. *Davol;* and *Smith* vs. *Rice,* above cited; 14 *Mass.* 222, *Chase* vs. *Hathaway;* 4 *N. H. Rep.* 60, *H.* vs. *S.;* 6 *N. H. Rep.* 370, *French* vs. *Hoit;* 3 *Dane's Abr.* 67, cites 2 *Mod.* 30; 1 *Stark. Ev.* (5 *Am. Ed.*) 229, *note,* cites *Willes* 36, and 2 *Mod.* 272; 1 *N. H. Rep.* 100, *Tappan* vs. *Bellows;* 4 *N. H. Rep.* 464, *Judge of Probate* vs. *Hinds.*

Many more cases might be cited to show that the proceedings of all inferior and special tribunals are merely void if they are irregular, and that such irregularity may be taken advantage of by plea, and shown by evidence, though the record or certificates might appear sufficient on their face.

In this case there is no other mode by which any irregularity can be taken advantage of, however irregular, or even fraudulent, such proceedings might have been.

It has been uniformly the practice in this state to sue the bond, where there is supposed to have been any irregularity in the proceedings in cases of this kind, and parol testimony,

it is believed, has been always admitted to prove what the proceedings have been. 3 *N. H. Rep.* 265; 2 *N. H. Rep.* 421, *Flanders* vs. *Thompson ;* 2 *N. H. Rep.* 305, *Rankin* vs. *Nettleton ;* 4 *N. H. Rep.* 79, *Madison* vs. *Rano ;* 3 *N. H. Rep.* 93, *Priest* vs. *Tarleton ;* 5 *N. H. Rep.* 43, *Keay* vs. *Palmer.*

In *Osgood* vs. *Hutchins,* it is said that the certificate of the magistrates is *prima facie* evidence of due notice, if not conclusive. 6 *N. H. Rep.* 379. This case in part, perhaps, overrules the doctrine in *Flanders* vs. *Thompson ;* but if it is held that it is conclusive, not only that case must be wholly overruled, but all the other cases cited.

But admit that the certificate of the magistrates could not be contradicted by parol, we say the evidence offered in this case did not contradict any thing which appears by the certificate or any part of the proceedings. Every thing stated may be true, and still the facts true which we offered to prove.

We contend that it must appear, from the proceedings, or be proved by the defendants, that the magistrates met at the hour and place appointed.

There cannot be a doubt that if the hearing was not commenced, nor the oath administered, at the time and place, the whole must be void. 15 *Mass.* 326, *Wellman* vs. *Lawrence; Chase* vs. *Hathaway, supra.*

And it seems as clear, that if notice is given that a hearing will be had at a certain hour of a day, and there is no appearance of the magistrates during that hour, that proceeding at a different hour is as much an excess of jurisdiction, as it would be to proceed and administer the oath on a different day from the one mentioned, or where there had been no notice given at all; for it is, in fact and truth, no notice of the proceedings.

If notice of taking depositions at a certain hour and place were given, and the adverse party should appear at the time and place, and remain the hour out, and then go away, and

afterwards the depositions should be taken, would they be admitted ? We think not. And would not any parol testimony be admitted to show the fact, even if the certificate of the magistrate who took the depositions should be perfectly correct on its face ?

If a justice writ, made returnable at 10 o'clock, A. M., should be entered and judgment taken thereon by default in the afternoon, when the defendant had appeared at the time and place mentioned in the writ, and remained until 11 o'clock, and then went away, no magistrate having appeared, would not the judgment be void to all intents and purposes ? Would not the magistrate be a trespasser if he should issue an execution which should be served ? And would not the defendant be permitted to show that fact by parol, in a suit on a judgment so rendered ?

It is contended, too, that if the magistrates did administer the oath at a different time from that appointed, it would be an actual fraud on the creditors, in all the parties concerned, and for this cause wholly void and without effect for any purpose.

But we contend that the certificate is void on its face ; and it is important to consider that matter now, as, if it is thought material, it may save the parties the expense of another trial. The certificate states that the hearing was adjourned necessarily. But the question arises, by whom was it adjourned— by both of the magistrates, or by one of them, or by some body else, and from what time ? It is wholly uncertain when, why, and by whom, this hearing was adjourned. No presumption can be made upon this point.

If both did meet, they had no authority to adjourn the hearing. The statute prescribes the mode of proceeding, and does not authorize them to adjourn. The statute regulating the jurisdiction of justices of the peace in civil causes, authorizes them to adjourn. Now no such provision would have been necessary, if they can in this case adjourn, for the authority would be as much implied in that case as this.

Adjourning is as much a judicial act as any other part of the proceedings ; and if an adjournment could legally take place, except in the case mentioned in the statute, both must be together, or it would be illegal. *Tappan* vs. *Bellows*, *supra.*

*A. F. Sawyer*, on the same side, cited, in addition, 15 *Mass. R.* 85, *Davenport* vs. *Mason ; Ditto* 35, *Russell* vs. *De Grand ;* 1 *Mass.* 181, *Bangs* vs. *Snow ;* 9 *N. H. Rep.* 50, *Cogswell* vs. *Mason ;* 3 *Pick. R.* 40, *Haskell* vs. *Haven ;* 12 *Mass.* 319, *Little* vs. *Hasey.*

*Farley, Abbot, & Fox*, for the defendants. The justices have made a certificate setting forth that the hearing was adjourned, that the oath was administered, and that the plaintiffs did not attend. It is to be inferred from this that both of the justices attended, and at the hour. The certificate is conclusive evidence of the facts set forth in it. 3 *Pick.* 404, *Haskell* vs. *Haven.*

Where an hour is mentioned, magistrates cannot proceed before that hour. But they may, we contend, at any time after that hour, during the day.

PARKER, C. J. The statute, authorizing two justices of the peace and of the quorum to administer the oath or affirmation prescribed by law for any person arrested or imprisoned upon execution, and who may be entitled to take the same, requires them, if they administer it, to make a certificate, in the form prescribed, which sets forth that the debtor, at the time named, took the oath as prescribed by law, and that the creditor, (or his attorney,) having been duly notified, did, (or did not,) attend. It also requires them to make a return of the petition, and their doings thereon, to the office of the clerk of the common pleas, and that copies shall be given, &c. 2 *N. H. Laws* 95.

It is evident that the certificate thus to be returned was

intended to be evidence, to some extent, of the facts set forth in it ; but there seems to have been some diversity of opinion respecting the character of this evidence. In *Flanders* vs. *Thompson*, 2 *N. H. Rep.* 421, it was said that there was no pretence for the supposition that such a certificate was conclusive evidence of notice to the creditor, and there was an expression of opinion that it was not even competent evidence to go to a jury. But in *Osgood* vs. *Hutchins*, 6 *N. H. Rep.* 375, it was held that it must be regarded at least as *prima facie* evidence of the service of the notice. Reference was there made to the case *Haskell* vs. *Haven*, 3 *Pick. R.* 406, which was supposed to have settled, that in that state similar certificates were to be regarded as conclusive evidence of the fact of notice ; and it was suggested that it would seem that it should be equally conclusive under our statute ; but that matter was left unsettled. The opinion, or *dictum*, in *Haskell* vs. *Haven*, has been followed in Maine, the certificate being there held to be conclusive. 3 *Fairf. R.* 418, *Agry* vs. *Betts ;* 1 *Shepley* 240, *Black* vs. *Ballard.* But in *Slasson* vs. *Brown*, 20 *Pick.* 436, it was held that it was not conclusive, and that the creditor might go behind it, and show irregularity in the previous proceedings, overruling so much of the opinion in Haskell *vs.* Haven. This is in accordance with *Putnam* vs. *Longley*, 11 *Pick. R.* 487 ; *Little* vs. *Hasey*, 12 *Mass.* 319 ; and with *Bunker* vs. *Nutter*, 9 *N. H. Rep.* 554.

In *Raymond* vs. *Southerland*, 3 *Verm. R.* 494, the court were divided, the majority holding the certificate conclusive upon the question of notice ; Mr. Justice Thompson saying that he yielded to the weight of authority ; but upon principle, aside from the authorities, he agreed with the opinion of the chief justice, who dissented upon that point.

We are satisfied, upon consideration, that the certificate should not be regarded as conclusive evidence of the proceedings. The statute, in providing that the justices shall make it, and return it, and that copies may be given, must

have intended to give to it the character of evidence of the facts required to be stated in it. What degree of credit it shall receive is not stated. It is not technically a record, nor is it so called ; and there are sufficient reasons, in the nature of the case, to show why it should not be so regarded, or possess the "incontrollable verity" attached to a record.

If the proceedings of the debtor, in causing the petition to be made and served, and of the magistrates, in hearing and administering the oath, are regular, all the effect which the statute contemplates follows from the proceedings. There is no appeal.

If they are not regular there should be some remedy, and the true course seems to be to regard them as void. 9 *N. H. Rep.* 63, *Gear* vs. *Smith.* It is not a case for error. The proceedings are not according to the course of the common law, nor is there any thing to reverse, unless it be the certificate, which seems not to be a proper subject of reversal. Nor does it appear to be a proper matter to be brought up on *certiorari*, and quashed for irregularity. It is not in the possession of the magistrates who made it. They cannot send it up, and the character given to it by the statute is that of a certificate, and not that of a record. The statute does not require them to keep any record of those proceedings, unless the general statute requiring justices of the peace to keep records of all their proceedings, may be supposed to require each justice to make a separate record. There is no provision for any joint record. Should they make one, that might, perhaps, be received in evidence, as the certificate may be ; but it is questionable whether it could have any higher character. It would be proper to return it to the clerk's office, with the certificate and other papers, for no other place is appointed for its custody. The record of an adjournment ordered by one, because of the absence of the other, is evidence. *Chesley* vs. *Welch,* (10 *N. H. Rep.* 252 ;) but it is not said that it is conclusive.

Regarding the proceeding before the magistrates as a judicial proceeding, (and it is in the nature of one, 9 *N. H. Rep.* 64,) if there were no petition according to law, there would be no jurisdiction, and no record which could be made would avail as evidence.   And so if no sufficient notice is given, so that the creditor may appear and object ; or if there is any other irregularity depriving him of the rights the statute intended to secure to him, it may, perhaps, be said that the magistrates have not jurisdiction to proceed and administer the oath. 13 *Pick. R.* 92, *Bell* vs. *Austin.*   They certainly have no right to do so.   And in *Dean* vs. *Lowry,* (4 *Verm. R.* 481,) it was held that if the commissioners omitted to give notice according to the statute, their proceedings were irregular and void ; and that the certificate, in which it appeared that no such notice was given, was no justification to the sheriff in permitting the debtor to depart.   If one of the magistrates is a near relative to the debtor, the proceedings are void.   9 *N. H. Rep.* 63.

If the proceedings might be quashed on *certiorari,* and an action then sustained on the bond, the same result may as well be attained in one proceeding ; and such seems to have been the usual course.

Where the return of an officer is regarded as conclusive, an action lies against the officer if the return is false.   *See Hall* vs. *Tenney,* (11 *N. H. Rep.* 516, 520.)   But it has not been decided that an action will lie against the justices for an error in certifying that the creditor had notice.   The creditor should certainly have some remedy, if the condition of his bond is in fact broken.

If the debtor is in prison at the time, the certificate may perhaps furnish a conclusive justification for the gaoler in letting him go at large ; because it is his duty to act upon it, and he has no means of trying, or inquiring into, the truth of the facts.   3 *Verm. R.* 499.   But the debtor himself, and his sureties who have undertaken that he shall either duly take the oath or surrender himself, do not come within the principle.

Banks *v.* Johnson.

We have no doubt that the justices may adjourn for a reasonable time, whenever it becomes necessary in the performance of the duty. It is an incident to the authority given, as otherwise all the proceedings might be defeated if they could be protracted long enough.

The hearing must undoubtedly be had at the time and place, unless it is delayed by an adjournment. If the justices were to meet the debtor at a different place from that mentioned in the notice, and administer the oath, it would not avail; and so if they should proceed at a different time. But what period is to be regarded as within the time, seems not to be well settled. It cannot be required that they should proceed at the precise moment indicated by the notice. Any time within the hour has always been considered as within the time, and is admitted to be sufficient in this case. It may be regarded as a general rule, that the party who has given the notice is required to proceed within the hour, unless the matter is postponed. The adverse party cannot be bound to await the pleasure of the debtor, or the justices. Punctuality in cases where others are required to be in attendance, if not one of the cardinal virtues, stands high in the list, and unnecessary delay can receive no countenance whatever. We shall not determine, at this time, that there may not be exceptions, where the party notified may reasonably be required to attend longer than the hour, although the proceedings are not commenced within the time; but if there are such cases, they must form exceptions to the rule, and stand upon their own merits. Upon a new trial this matter can be inquired into.

*Verdict set aside.*