## DOWNER *vs.* HOLLISTER.

A brother to a surety in a poor debtor's bond may act as a magistrate in discharging the debtor.

If a party be summoned to appear at a given hour, he will be in season if he appear when or before the next hour is struck.

A party who attends at a given hour, pursuant to notice, and finds that the magistrate is not arrived, is bound to wait until the expiration of the hour.

If the other party is not present, he is bound to wait the same time before taking any steps that may prejudice the rights of his opponent.

In all cases, the party giving the notice is bound to wait until the expiration of the hour for his opponent to appear.

A creditor was notified that a hearing upon a poor debtor's application to be admitted to take the oath, would be had at a certain place at 3 o'clock, P. M. The debtor appeared at the time and place, took the oath, and went away. In a few minutes after he was gone, after three, but before four o'clock, the creditor's attorney appeared with his witnesses, and requested the magistrates to

recall the debtor, that he might examine him, and have a hearing upon the application, but they declined so to do.—*Held*, that the certificate of discharge, issued by them to the debtor, was invalid.

DEBT on a bond given under the statute for the ease and relief of poor debtors, executed by one Howard as principal, and by the defendant and Ira Savage as sureties.

At the trial, it was in evidence that the poor debtor's oath was administered to Howard on the 25th day of November, 1841, by two magistrates, and that a certificate of his discharge was issued. One of the magistrates was a brother of Savage, the surety, and the plaintiff objected that for this cause the discharge was invalid; but the objection was overruled by the court.

It appeared that a notice was served upon the creditor that the hearing upon the defendant's application to be admitted to take the oath, would be at three o'clock in the afternoon of the 25th day of November, at Hollister's inn, in Lisbon. At that time and place the defendant appeared before the justices, who administered the oath to him, and he then went away. In a few minutes after he was gone, and after three, but before four o'clock, the creditor's attorney arrived with his witnesses, and requested the justices to recall Howard, that he might examine him, and have a hearing upon the application. This they declined to do, because, as they said, the time for administering the oath was arrived when it was taken. Upon this evidence the court ruled that the certificate was not admissible in evidence; and a verdict was taken for the plaintiff, subject to the opinion of the court upon the rulings made in the case.

*Bellows*, for the plaintiff.

*Morrison*, for the defendant.

GILCHRIST, J. The objection that one of the magistrates was a brother of one of the sureties in the bond, must be

overruled, as the point has already been settled.    In the case of *Allen* vs. *Bruce*, 12 *N. H. Rep.* 418, it was held that such a relationship did not disqualify a person from administering the oath to a poor debtor.

Upon the other point raised in the case, but little authority is to be found.    We have met with two cases only in which it was examined at all, although others may have escaped our observation.    It is held in the case of *Banks* vs. *Johnson*, 12 *N. H. Rep.* 445, that in general, a party who has given notice of a hearing at a particular hour, is required to proceed with his case within the hour, unless the matter is postponed.    Mr. Ch. J. *Parker* says in that case, " what period is to be regarded as within the time, seems not to be well settled.    It cannot be required that they should proceed at the precise moment indicated by the notice.    Any time within the hour has always been considered as within the time. * * * *  The adverse party cannot be bound to await the pleasure of the debtor, or of the justices."

In the case of *Niles* vs. *Hancock*, 3 *Met.* 568, the creditor was notified that the examination of the debtor would be at 10 o'clock on a certain day, but he did not appear.    The magistrates remained at the place from 10 o'clock until 10 minutes past 11, when they left the place; but within a short distance they met the debtor, who had not before appeared, returned with him, and administered the oath to him; and it was held that he was legally discharged.    It was said in that case, by Mr. Justice *Dewey*, that the plaintiff had not been deprived of any privilege which he intended to exercise of appearing before the magistrates at the hour appointed, and opposing the discharge, by the administration of the oath at a later period; that there was no inflexible rule that every case of this kind should be proceeded in within the hour appointed, and that at the moment the hour expires there is no discontinuance of all cases not then brought before the consideration of the magistrates.    The

learned judge states that it has generally been understood to be the rule of law, that a party who shall duly appear at the time named, if no proceedings are had in relation to the matter in consequence of the absence of the magistrate, or of the party at whose instance the summons was issued, shall not be liable to be proceeded against in his absence, after the expiration of an hour.

If, then, the party come within the hour, he will be in season, according to *Banks* vs. *Johnson ;* but Mr. Justice *Dewey* thinks there is no inflexible rule that the case must be proceeded in within the hour appointed. In practice, the question often arises, as every professional man knows, whether a party is too late when a certain hour is fixed for his appearance ; but the unwritten law, which has held when a party has been summoned to appear at 10 o'clock, for instance, " that it is always 10 o'clock until it is 11," has also decided those questions, as they have not made their appearance in courts of law. We have no doubt, however, both from the reasonableness of the rule, and because men have adapted themselves to it in the conduct of their business, that, as a general rule, if a party be summoned to appear at a given hour, he will be in season if he appear when or before the next hour is struck. If 10 o'clock be the time, it will be sufficient if he appear at or before 11. And we think, also, that a party who attends at a given hour, pursuant to notice, and finds that the magistrate is not arrived, is bound to wait until the expiration of the hour ; and if the other party be not present, is bound to wait the same time, before taking any steps that may prejudice his rights. And in all cases, the party giving the notice is bound to wait until the expiration of the hour for his opponent to appear. The application of this rule to the facts before us would settle this case for the plaintiff, and would show that the certificate was invalid, as it appears that the plaintiff came within the hour, and found that the oath had been administered, and the debtor was gone. But there are some facts

Downer *v.* Hollister.

showing how their duty was performed by the magistrates, which require some comment.

Between three and four o'clock the creditor's attorney arrived with his witnesses, and requested the justices to recall Howard, that he might examine him, and have a hearing upon the application. What should they have done? As a tribunal bound to exercise their judgment, their first duty was to *hear*, that they might know how to decide. It is true that the oath had been administered, but they might have refused to issue a certificate, unless Howard would return and submit to an examination, and that in this case would have been a proper exercise of their judgment and discretion. They refused to recall the debtor, and their reason was that the time for administering the oath was arrived when it was taken. True, the clock might have struck three, but the time for the hearing was not passed, until they had waited a reasonable space for the appearance of the creditor. The mere administration of the oath was not the whole of their duty. If it had been, it might as well have been performed by any justice without any notice. Their duty was to administer the oath after a hearing, or a reasonable opportunity for one, and they should have notified Howard that they would issue no certificate unless he would return and submit to an examination. So short a time had elapsed since his departure, that this might have been done without inconvenience. Punctuality is a great virtue, doubtless, but to hear both sides, and to do justice, is a greater.

*Judgment on the verdict.*