# WOODS *vs.* BLODGETT.

The certificate of the acting magistrates, contained in the record of their proceedings on an application by a debtor to take the poor debtor's oath, that notice was given to the creditor, is only *primâ facie* evidence of the fact of notice.

If notice is served by a sheriff, his return is conclusive evidence of the fact; othwise, of an affidavit of service by a private person.

Where L. W., the plaintiff in an action, lived out of the State, and the writ was endorsed thus: " L. W. by J. Q., his attorney"—*held* that the attorney thereby made himself liable for the costs, and so the writ was well endorsed.

DEBT, on a bond dated December 1, 1841, signed by the defendant as a surety of one Drew, given in usual form to obtain the discharge of Drew for an arrest on an execution in the plaintiff's favor.

Plea, *non est factum*, with a brief statement of the defence,

viz.: that Drew, according to the provisions of the statute, upon due and legal notice to the plaintiff, took the poor debtor's oath.

To sustain this defence, the defendant gave in evidence certified copies of the petition, order of notice, service of the order, and of the doings of the justices thereon, as returned to the clerk of the court of common pleas. The return of service consisted of an affidavit made by Drew, that, on a day named, he gave to the plaintiff's attorney an attested copy of his petition and the justice's order thereon. In the certificate of the administering of the oath to Drew, the justices certify, among other matters, that he " took the oath as prescribed by law for the relief of poor debtors. The attorney of said Woods, having been duly notified, did not attend."

The plaintiff offered to prove that no notice was in fact given to his attorney ; but the court ruled that return of service and certificate of the justices were conclusive evidence of the fact of notice. To this the plaintiff excepted.

At the date of the writ the plaintiff was an inhabitant of Vermont, and is so described in the writ. The writ was endorsed, " Leonard Woods, by Josiah Quincy, his attorney." The defendant moved to quash the writ for want of an indorser resident in this State. The plaintiff moved for leave to strike out the words " Leonard Woods" from the indorsement, which was granted, and the defendant excepted.

The questions arising on these exceptions were reserved for consideration by this court.

*Quincy*, for the plaintiff.

*Weeks*, for the defendant.

PARKER, C. J. The certificate of the magistrates in this case is only *primâ facie* evidence that notice was given to the creditor. This is a matter about which there has been a difference of views, as well here as elsewhere. In the case, 2 *N. H. Rep.* 421, *Flanders* vs. *Thompson*, it was held that the certificate was not conclusive evidence of notice, and the judge who drew up

Woods *v*. Blodgett.

the opinion suggested that it could hardly be regarded as *primâ facie* evidence. In *Osgood* vs. *Hutchins*, 6 *N. H. Rep*. 374, the certificate was held to be *primâ facie* evidence, for reasons which are satisfactory ; and in delivering the opinion, I suggested, on the authority of *Haskell* vs. *Haven*, 3 *Pick*. 404, that it might, perhaps, be regarded as conclusive. That point, however, was expressly waived, and left for farther consideration. The supreme court in Maine followed the doctrine of *Haskell* vs. *Haven ;* but the supreme court in Massachusetts, which made the decision, have held the rule somewhat different in a subsequent case, 20 *Pick*. 436, *Slasson* vs. *Brown*. The decisions in Vermont it is understood hold the certificate conclusive on their statute. Upon full consideration of our statute, we are of opinion that the true rule is indicated in the decisions already made here ; the certificate is *primâ facie* evidence, but not conclusive.

There is no provision that the magistrates shall examine and adjudge. They are to certify, and effect should be given to their certificate. The certificate ought not to be made but upon examination ; still, as they are not required in terms to examine evidence, and adjudicate upon it, the certificate does not seem to have the character of a judgment. The matter is not one of which the magistrates have knowledge. It is only on the ground that they have tried the matter on the evidence, and have found the fact that the certificate should be conclusive. But, as they are not required in terms to examine and determine the fact, it is very evident that the certificate would often be made upon mere *primâ facie* evidence of the slightest kind. And in point of fact, in every case where there is no appearance, the evidence of notice and the examination must be wholly *exparte*.

Under these circumstances, we think we give the fair and full effect and credit to the certificate to which it is entitled, when it is held *primâ facie* evidence of a fact stated which the magistrates did not know.

If the notice is served by a deputy sheriff, his return, in the absence of fraud, is conclusive evidence of the fact of notice. 9 *N. H. Rep*. 76, *Brown* vs. *Davis*. He is a public officer, and must have knowledge of the fact, and it is his duty to return it.

Woods *v.* Blodgett.

It is better evidence in fact than the certificate of the magistrates, because he has knowledge. But notice may be served by a person who is not a sworn officer. It was so in this case. There is the affidavit of the person who makes the return that he performed the service; but as a mere affidavit it may be controverted, for which reason there must be a new trial.

The objection to the amendment to the indorsement cannot be sustained. The plaintiff, living out of the State, was not entitled to indorse his writ; and the indorsement was, therefore, binding upon the attorney without any amendment. See the opinion of this court in *Pettengill* vs. *McGregor*, [12 *N. H. Rep.* 179, 192.]

*Verdict set aside.*