# ROCKINGHAM,

## JULY TERM, A D. 1853.

---

## BAILEY v. KIMBALL.

The court of common pleas has the power to order a nonsuit after a case has been opened to the jury, if the plaintiff has not adduced competent evidence to sustain a verdict in his favor.

The return of an officer that he has attached certain property, is conclusive evidence that he has so attached it, in an action brought by himself for the recovery of the value of such property wrongfully taken.

TROVER for five hundred cords of wood, converted October 1, 1849.

On the 7th of June, 1849, there were about one hundred and fifty cords of wood, which had been cut and drawn out, and was most of it corded up, of which one undivided half belonged to Jonathan Merrill. About eighty cords of it lay on land of Nathan F. Stevens, in Salem, and seventy cords on land owned in common by Thomas Webster, Isaac Thom and Darius M. Thom, lying partly in Salem and partly in Windham. The largest portion of the wood, lying upon the land of Webster and the Thoms, was in Salem.

On the 14th of June, 1849, the defendant, a deputy of the sheriff, attached, on a writ in favor of Isaac Thom against Jonathan Merrill, Merrill's half of the wood that lay on the land of Webster and the Thoms, and Thom having recovered judgment, the defendant, in October, sold the wood so attached, on execution.

The plaintiff, to show his title to the wood so attached and sold by the defendant, introduced the copy of a writ, dated June 7, 1849, in favor of Thomas Webster against said Jonathan Merrill, which had been delivered to the plaintiff, a deputy of the sheriff, and copies of the returns on said writ, by which it appeared that on said 7th of June he attached the wood of said Merrill, lying on land of Nathan F. Stevens, in Salem, by leaving a copy of the writ and return with the town clerk of Salem; and on the same day attached said Merrill's wood, lying on the land of Webster and the Thoms, part of said wood being in Salem and part in Windham. Webster recovered judgment October 9, 1849, for $864,41, and sued out execution October 16, 1849.

It appeared that the land of Stevens and the land of Webster and the Thoms adjoined, with a stone wall between them; that the wood on the land of Stevens and the wood on the land of Webster and the Thoms were, at the nearest point, about twenty rods distant, or somewhat less; that the more distant parts were some thirty rods from each other, and that on the intervening space was rising ground and some trees, which partly hindered the view of the wood on Webster and Thoms' land from the spot where the other lot lay.

Nathan F. Stevens, being called as a witness for the plaintiff, testified that in 1849, but he could not recollect in what month, he saw Bailey, the plaintiff, and Webster on the witness' land where the wood lay, and was there with them; that they were near the wood on his land, within a rod or two, and walked about on his land so that they could see the whole of the wood on the land of Webster and the Thoms, but he did not recollect that they went on that land; that Bailey pointed towards the wood on the land of Webster and the Thoms, and said that he attached the wood on both lots; that he requested the witness to take charge of the wood and be keeper over it, which he engaged

to do. The witness lived about one hundred rods from the wood, and the only road by which it could be conveniently drawn away, went by his house, and within about two rods of it. Stevens kept no particular watch over the wood, but told his wife and son that he was keeper over it. There was no evidence that any thing more was done to take possession of the wood.

Darius M. Thom acted as agent of Isaac Thom in procuring his writ and attachment to be made; and before Thom's attachment or writ was made, Stevens told Darius M. Thom that Merrill's wood was attached by Webster, without stating what particular wood, and that he supposed he was keeper over it.

Darius M. Thom, who was called as a witness for the plaintiff, testified that about a week before Kimball's attachment was made, Thomas Webster came to the house where he and Isaac Thom lived, and, when they were both present, said he had attached a lot of wood that belonged to Mr. Merrill that day; that at the time when Stevens and Webster made these statements he supposed they meant that the wood on both lots was attached, but that he afterwards went to the town clerks of Salem and Windham, and finding by the return of Bailey that he had attached the wood on Stevens' land, and had returned no attachment of the other wood, he thought then and at the time of Kimball's attachment, that Stevens and Webster meant only the wood on Stevens' land, and supposed that the wood on the land of Webster and the Thoms was not attached.

Nathan F. Stevens testified that after he was made keeper, and he thought within a week, he saw Darius M. Thom a second time, and told him he was keeper over all the wood.

A nonsuit was ordered, subject to the opinion of the court on the foregoing case.

*Porter*, for the defendant, to the point that the court may

---
---

order a nonsuit when the evidence of the plaintiff is insufficient, cited 1 Sellon's Practice 463 ; 13 Johns. 334 ; 8 Mass. Rep. 336 ; 17 Mass. Rep. 1 ; 1 D. & E. 172 ; 2 N. H. Rep. 317 ; 2 N. H. Rep. 66.

As to the attachment, Rev. Stat. ch. 184, § 14 ; 12 Mass. Rep. 502 ; 4 Pick. 398 ; 2 N. H. Rep. 317 ; 2 N. H. Rep. 66 ; 5 Mass. Rep. 157 ; 5 Mass. Rep. 271 ; 4 Pick. 395 ; 11 Pick. 341 ; 11 Pick. 519 ; 16 Mass. Rep. 144 ; 14 Mass. Rep. 190 ; 4 Pick. 395.

*H. F. French*, for the plaintiff, as to the sufficiency of the attachment, cited *Hemmenway* v. *Wheeler*, 14 Pick. 408 ; *Merrill* v. *Sawyer*, 8 Pick. 397 ; *Young* v. *Walker*, 12 N. H. Rep. 502 ; *Pike* v. *Wiggin*, 8 N. H. Rep. 358 ; *Sias* v. *Peasley*, 6 N. H. Rep. 373 ; *Brown* v. *Davis*, 9 N. H. Rep. 76.

The plaintiff is in no case compelled to be nonsuit, and, therefore, if he insists upon the matter being left to the jury, they must give in their verdict. Tidd's Practice 798 ; 2 T. R. 281 ; 5 Blackf. 115 ; 6 Chit. Gen. Prac. 910 ; 3 Black. Com. 376 ; 1 Peters 469, 497 ; 6 Peters 609 ; 4 Nev. & Man. 633 ; 6 Pick. 117 ; 13 N. H. Rep. 21 ; Kinne's Law. Comp. for 1846 498.

WOODS, J. Upon the question whether the court may order a nonsuit in a case opened to the jury, the authorities are not uniform. But the great weight of authority and the practice that has prevailed in this State, are in favor of that course, when no sufficient evidence has been adduced by the plaintiff to justify the jury in finding a verdict in his favor. In *Stickney* v. *Stickney*, 1 Foster's Rep. 61, the power is not only recognized, but the court was holden to have erred in not exercising it in that case. It was one in which there was a variance between the declaration and the written evidence offered in support of it. A motion for a nonsuit was made, which the court denied, and submitted the evidence to the jury, who found for the plaintiff.

Whether the nonsuit was properly ordered in the present case, depends of course upon the question whether there was competent evidence before the jury upon which a verdict might have been legally returned in favor of the plaintiff. And on this point the only question is, whether there was competent evidence that he made, on the 7th of June, the attachment under which he claims. For such attachment, if legally made, constitutes a title to the property in question sufficient, until defeated by some better claim of the defendant, to enable him to maintain his action.

Much evidence, on this point, appears in the case, which it is not necessary to consider, because the plaintiff's own return upon the writ of Thomas Webster must, in the absence of fraud, be regarded as conclusive evidence that the attachment was made at the time therein stated. Undoubtedly there is a diversity of opinion as to the character of this kind of evidence, but the cases of *Brown* v. *Davis*, 9 N. H. Rep. 76, and *Parker* v. *Guillow*, 10 N. H. Rep. 103, have fully established, in this State, the principle which gives it conclusive effect. In the case of *Brown* v. *Davis* the return showed that the property was attached on Saturday; and the court held that evidence was inadmissible to show that the attachment was not perfected by the actual possession of the property until the day following. In the present case, the return shows that the property in question was attached on the 7th, and should have been submitted to the jury as not only competent but conclusive evidence of that fact and of the plaintiff's title, so far as it depended upon it. The nonsuit was, therefore, improperly directed, and must be set aside.

*Nonsuit set aside.*